■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RANDOLPH, Appellant.—Appeal from a judgment of the County Court of Schenectady County, rendered November 15, 1979, convicting defendant, upon his plea of guilty, of the crime of attempted burglary in the third degree. At the conclusion of a *Huntley* hearing held on October 4, 1979, in which the defendant's statement given after his arrest was ruled admissible, the defendant's attorney, following extensive consultation with the defendant, offered to withdraw defendant's prior plea of not guilty to the indictment charging burglary in the third degree and to enter a plea of guilty to the crime of attempted burglary in the third degree in full satisfaction of the indictment. The defendant's plea to attempted burglary in the third degree was accepted by the court after a thorough and extensive interrogation during which the defendant made an intelligent waiver of his trial rights, admitted the commission of the crime to which he was pleading, and stated that his plea was voluntary and made without any promises as to punishment. After the receipt of a probation report and on November 15, 1979, the day of sentencing, the defendant requested permission to withdraw his plea of guilty on the sole ground of the inadequacy of his representation by counsel. The court refused to allow the withdrawal of the defendant's guilty plea and sentenced the defendant to an indeterminate term of two to four years. Permission to withdraw a plea rests in the sound discretion of the court (CPL 220.60), and the refusal to permit the withdrawal of a prior plea of guilty does not constitute an abuse of discretion unless there is some evidence or claim of innocence, fraud or mistake in inducing the plea *(People v Cooke,* 61 AD2d 1060). Clearly no such showing has been made herein. The defendant's claim now of the inadequacy of his

counsel's representation lacks specificity and factual support in the record. Such representation has not been shown to be inadequate. Therefore, the County Court correctly exercised its discretion in refusing to vacate the plea. Accordingly, the judgment of conviction should be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.