■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER GIBSON, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered May 6, 1980, convicting defendant upon his pleas of guilty of two counts of the crime of robbery in the second degree. Defendant was charged with robbery in the second degree for his involvement in a robbery committed at Annie's Variety Store in the City of Albany. He had been represented by counsel throughout, including an unsuccessful hearing to suppress certain statements. On the day of trial, defendant, for the first time, requested that his appointed counsel be dismissed and that he be allowed to retain counsel of his own choice. The trial court denied the application for a change of counsel and, upon defendant's insistence, discharged his appointed counsel and allowed him to proceed *pro se.* Following the commencement of the trial and the presentation of the People's case, defendant entered a plea of guilty of robbery in the second degree in full satisfaction of the indictment. He also entered a plea of guilty to a reduced charge of robbery in the second degree in full satisfaction of an unrelated indictment. He was sentenced as a second felony offender to concurrent indeterminate terms of imprisonment, each with a maximum term of 15 years and a minimum of 7½ years. Both sentences were consecutive to a previously imposed sentence on a February, 1980 conviction.

This appeal ensued. Initially, we note that the trial court properly denied defendant's request for a change of counsel. The constitutionally guaranteed right to defense by counsel of one's choosing may not be employed as a tactical device to delay judicial proceedings *(People v Arroyave,* 49 NY2d 264; *People v Fruehwirth,* 83 AD2d 975). Since defendant's request for a change of counsel was not made until immediately prior to commencement of the jury selection and was made without sufficient explanation on defendant's part, we find no abuse of discretion in the court's refusal to grant defendant's request (see *People v Medina,* 44 NY2d 199). Moreover, defendant had an absolute right to proceed *pro se,* notwithstanding his lack of legal expertise *(Faretta v California,* 422 US 806; *People v Davis,* 49 NY2d 114, 119). Despite adequate explanation by the trial court of the consequences of proceeding without counsel, defendant refused to allow assigned counsel to remain with him during the trial. Under these circumstances, we cannot say that the court erred in allowing defendant to pursue his *pro se* defense. Next, defendant contends that he reaffirmed his plea of guilty at the sentencing hearing only after the court erroneously advised him concerning the merging of the minimum sentences. Accordingly, he argues that the sentence should be vacated. At the time each plea was entered, the court clearly informed defendant that the sentences imposed, while concurrent, would be consecutive to the prior outstanding sentence imposed for the February, 1980 conviction. At sentencing, however, defendant expressed confusion over the nature of the minimum sentences. Following the court's assurance that "the minimum sentences merge by operation of law", defendant withdrew his application to withdraw the prior guilty pleas. The court's instruction was erroneous. Where sentences run consecutively, the minimum periods of imprisonment do not merge, but are added to arrive at an aggregate minimum equal to the sum of all the minimum periods (Penal Law, § 70.30, subd 1, par [b]). The People concede this point and agree to a 55-day reduction in the minimum terms imposed on May 6, 1980, which effectively merges the minimum terms imposed on that day with the minimum term imposed March 12, 1980 on the prior conviction. In our view, the District Attorney's concession serves to eliminate any prejudice defendant may have incurred. We do not find persuasive defendant's contention that he would have withdrawn his plea of guilty had the proper instruction been given. Permission to withdraw a plea rests in the sound discretion of the sentencing court (CPL 220.60, subd 3), and a refusal to allow withdrawal does not constitute an abuse of discretion absent some evidence or claim of innocence, fraud or mistake in inducing the plea *(People v Randolph,* 78 AD2d 566; *People v Cooke,* 61 AD2d 1060). A review of the record demonstrates that at the time defendant entered his pleas, he readily acknowledged his participation in each crime to which he pleaded guilty. Moreover, sentence was imposed in accordance with the terms of the plea bargain and nowhere in the record does defendant protest his innocence. Accordingly, the sentence should remain intact, except for appropriate modification of the minimum terms imposed on May 6, 1980. Judgment modified, on the law and the facts, to reflect a 55-day reduction in each of the minimum terms imposed May 6, 1980, and, as so modified, affirmed. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.