■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. TERRY, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered January 27, 1984, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

At a pretrial conference held the day before defendant's trial was to commence, his retained attorney informed County Court, for the first time, that an irrevocable breakdown in communication between counsel and defendant had occurred, and that, as a result, defendant desired new, assigned counsel. The ensuing colloquy between the court and defense counsel disclosed that defendant's dissatisfaction was due in large part to his attorney's inability to secure a prison sentence of 7½ to 22½ years on defendant's proposed guilty plea to the crime of manslaughter in the first degree; the District Attorney had persisted in refusing to recommend less than a term of 8 to 24 years' imprisonment. After observing that a change in attorneys would unnecessarily delay the impending trial, County Court gave defendant the option of proceeding to trial or accepting the District Attorney's offer; defendant chose the latter course. Two days later, at sentencing, defendant unsuccessfully sought to withdraw the guilty plea, claiming that it was coerced; the promised sentence of 8 to 24 years was then imposed.

Initially, defendant charges that County Court abused its discretion in refusing to authorize him to change attorneys. It is, however, settled law that the constitutionally guaranteed right to be defended by counsel of one's choice may not be utilized as a tactical device to delay judicial proceedings *(People v Gibson,* 84 AD2d 885, 886). From March 17, 1983, the day defense counsel undertook to represent defendant in this matter, until January 24, 1984, the day before jury selection was to commence, there was no hint that defendant

harbored any dissatisfaction with his retained counsel. Moreover, the breakdown in relations apparently stemmed from defendant's desire for a lesser sentence and his verbal abuse of defense counsel. There being no reason why the request for new counsel was not made prior to the eve of trial, nor any suggestion at the time that defense counsel was incompetent, we perceive no error in County Court's ruling.

Nor do we find merit in defendant's contention that County Court abused its discretion in refusing to allow defendant to withdraw his guilty plea. Unlike *People v White* (32 NY2d 393), where the prosecutor conditioned an offer on immediate acceptance, thereby depriving the defendant of an "ample opportunity to weigh the relative merits of the plea offered against the hazards of a trial" *(id.,* p 400), defendant herein had been considering the prosecution's plea offer of 8 to 24 years from September 1983 until January 1984. Furthermore, an examination of the record fails to reveal any good reason to permit withdrawal of the plea.

Defendant's complaints of ineffective assistance of counsel and of an unduly harsh sentence are belied by the record and undeserving of extended comment. It suffices to note merely that his attorney performed competently and that the sentence received was precisely the sentence bargained for.

Judgment affirmed. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.