■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLESANDRO CANCE, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Greene County (Fromer, J.), rendered January 24, 1989, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

On March 9, 1988, a Grand Jury charged defendant in indictment No. 88-110-A with five crimes involving weapons, possession of controlled substances and use of drug paraphernalia. A second indictment (No. 88-110-B), returned on the same date, charged defendant with three counts of criminal sale of a controlled substance. Defendant pleaded guilty to single counts of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree pursuant to a negotiated plea bargain in full satisfaction of both indictments, which included an agreed-upon sentence to two concurrent prison terms of 5 to 15 years as well as a waiver of defendant's right to appeal the conviction on indictment No. 88-110-B. At sentencing, defendant's new attorney requested leave to withdraw the guilty plea. County Court denied the request and this appeal ensued.

Defendant has raised three arguments. Initially, we find merit in defendant's challenge to the validity of his waiver of the right to appeal regarding the second indictment. There is no indication that County Court specifically discussed the waiver of the right to appeal with defendant or that he understood the nature, terms and effect upon him. The record being devoid of this required colloquy, the waiver must be deemed invalid (see, People v Seaberg, 74 NY2d 1, 11).

Defendant's contention that County Court erred in denying his application to withdraw his plea is not persuasive. Clearly, permission to withdraw a guilty plea rests solely within the trial court's discretion (CPL 220.60 [3]; People v Kelsch, 96 AD2d 677; People v Gibson, 84 AD2d 885), and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence or claim of innocence, fraud

or mistake in inducing the plea *(People v Randolph,* 78 AD2d 566). Defendant has not made these required claims. Instead he has challenged the adequacy of the plea allocution, contending that the plea was not voluntary, knowing and intelligent, and that he was denied effective representation of counsel. We disagree and reject each contention. There was an extensive and thorough allocution in which defendant unreservedly acknowledged that he understood the charges and the significance of his plea; he stated that it was voluntary and without coercion or inducement, that he was satisfied with retained counsel who had replaced his initial attorneys and that he understood he would receive a compromise of the charges against him; he was also told the possible sentences facing him *(see, People v Kennedy,* 141 AD2d 975, 977, *lv denied* 72 NY2d 1046). His admission of both possession and the sale of cocaine provided a sufficient predicate for accepting the plea *(see, People v La Boy,* 152 AD2d 866; *People v Quick,* 146 AD2d 815, *lv denied* 73 NY2d 1020). Defendant's factual recitation and responses to the questions from County Court established that he was fully aware of what was occurring and what he was doing *(see, People v Bruno,* 147 AD2d 490). There is nothing to indicate that the plea was improvident, involuntary or unknowingly made *(see, People v Robideau,* 133 AD2d 903, *lv denied* 71 NY2d 902).

Nor do we find merit in defendant's argument that he was denied effective assistance of counsel in his agreement to plead guilty. While his initial attorneys may perhaps not have been as thorough as desired, they were succeeded by Alan Zwiebel, an attorney competent and experienced in criminal matters, who promptly initiated appropriate motion practice and investigation. Since the replacement attorney was fully aware of the alleged derelictions of his predecessors and nonetheless counseled acceptance of the plea bargain, defendant forfeited his claim or prior ineffective assistance of counsel as well as his appeal from the denial of permission to file a late suppression motion *(see, People v Petgen,* 55 NY2d 529). We reject defendant's belated claim made upon this appeal that Zwiebel was ineffective. The record shows that within the brief time available to him before the trial date, he moved for discovery, an operability report, a *Sandoval* hearing and for disclosure of *Rosario* material. He negotiated a plea bargain in which charges against defendant were compromised and a lesser sentence imposed.

We similarly turn away defendant's contention that the search warrant was improperly issued upon a defective sup-

porting deposition and thus tainted the incriminating evidence obtained against him. The affidavit setting forth personal observations was made against the witnesses' penal interest and contained a warning against a false statement *(see,* Penal Law § 210.45); it supported issuance of the search warrant without extrinsic evidence of the informant's reliability *(see, People v Hicks,* 38 NY2d 90; *People v Santarelli,* 148 AD2d 775). There is no basis to believe that a timely suppression motion would have been successful.

In sum, we find that defendant received meaningful representation from Zwiebel *(see, People v Baldi,* 54 NY2d 137) and that his application to withdraw the plea was properly denied *(see, People v Kelsch,* 96 AD2d 677, *supra).*

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.