■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERMAN BATTS, Appellant.

Claiming that he only pleaded guilty out of fear of an unfair trial and his possible adjudication as a persistent felony offender, defendant moved to withdraw his plea. Defendant also claimed that he was innocent of the charge. As we find no substantiated claims of fraud, mistake or innocence, County Court did not abuse its discretion in denying defendant's motion *(see, People v Cance,* 155 AD2d 764, 765; *People v Gibson,* 84 AD2d 885, 886). First, his contention that he could not receive a fair trial was based entirely on his own subjective belief and nothing in the record supports this claim. In addition, defendant's reliance on the accurate information from his attorney that he could be sentenced as a persistent felony offender does not turn an otherwise voluntary plea into one based on coercion, especially when defendant stated that

he was pleading guilty of his own free will. Furthermore, at no time during his plea allocution did defendant make any claims with respect to his innocence (see, People v Howard, 138 AD2d 525). A review of the minutes of the plea allocution indicates that County Court made sufficient inquiry of defendant, who was aided by competent counsel, and that defendant fully comprehended the nature of the proceedings and knowingly entered his plea (see, People v Morris, 107 AD2d 973, 974; People v Lattmen, 101 AD2d 662, 663; People v Kelsch, 96 AD2d 677, 678).

Weiss, Acting P. J., Levine, Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed.