■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN A. WEDEKIND, Appellant. [607 NYS2d 173] —White, J.

Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered August 14, 1991, convicting defendant upon his plea of guilty of the crime of arson in the third degree.

Defendant voluntarily accompanied the police from the scene of a fire to the police station where he was read his *Miranda* rights. He acknowledged that he understood his rights, signed a waiver and agreed to talk to the police without an attorney. He then made oral admissions and gave the police a signed confession. At the conclusion of a *Huntley* hearing, County Court found that defendant's oral and written statements were freely and voluntarily made after he was advised of his *Miranda* rights, which he understood and waived. Subsequently, defendant entered a plea of guilty of the crime of arson in the third degree and, after his motion to withdraw his plea was denied, he was sentenced as a second felony offender to a term of imprisonment of 4½ to 9 years. This appeal ensued. We affirm.

We shall not disturb County Court's resolution, as the trier of fact, of the credibility issue created at the *Huntley* hearing by the conflicting testimony on defendant's claim that he requested a lawyer during his interrogation, inasmuch as the court's determination that defendant did not make such a request is supported by the record (*see, People v Walker,* 191 AD2d 603, *lv denied* 81 NY2d 1021). Defendant's further argument that his 6th Amendment right to counsel was violated when the police continued to question him after learning he had a prior criminal charge pending against him is unavailing because the crime here was unrelated to the previously charged crime (*see, People v Bing,* 76 NY2d 331, 349-350). Defendant's claim that he was illegally detained has not been preserved for our review as it was not raised at the *Huntley* hearing (*see, People v Harrell,* 59 NY2d 620, 621). Lastly, we find that County Court did not abuse its discretion in denying defendant's motion to withdraw his plea because defendant did not present any evidence or claim of innocence, fraud or mistake in inducing the plea (*see, People v Batts,* 179 AD2d 937; *People v Cance,* 155 AD2d 764, 764-765).

Cardona, P. J., Mercure, Casey and Weiss, JJ., concur. Ordered that the judgment is affirmed.