■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR SANCHEZ, Appellant. [619 NYS2d 48] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered May 4, 1992, convicting defendant, upon his plea of guilty, of kidnapping in the second degree and sentencing him to an indeterminate term of from five to fifteen years imprisonment to run consecutively with a term of from one to three years for a previous, unrelated conviction, affirmed.

There is no point to a hearing. As the dissent acknowledges, the minutes of the plea proceeding establish that the defendant admitted the crime. The plea and sentence agreement was beneficial to the defendant. If he had gone to trial and been convicted of kidnapping in the first degree, the original charge, he could have received a sentence of twenty-five years to life. Not only was the allocution at sentence complete, the court afforded defendant a full opportunity to speak at the sentencing and the court questioned the defendant, defense counsel and the prosecutor, the equivalent of a hearing (People v Tinsley, 35 NY2d 926, 927). Concur—Kupferman, Ross and Rubin, JJ.

Wallach, J. P., and Asch, J., dissent in part in a memorandum by Asch, J., as follows: We would reverse the sentencing court's summary denial of defendant's motion to withdraw his plea of guilty and remand for a hearing to decide defendant's motion to withdraw his plea.

The minutes of the plea proceeding adequately establish that defendant admitted to intentionally abducting the complainant for the purpose of extorting ransom.

However, at sentencing, the court asked defense counsel to comment upon defendant's pro se motion to withdraw his plea. Counsel spoke of a conflict between defendant and himself. That alone indicated the plea might have been entered in error. In addition, defendant proceeded to tell the court no less than sixteen times that he was not guilty and seven times that he wished to go to trial to prove his innocence.

In support of his motion to withdraw the plea, defendant told the court that he "did it under pressure" from his attorney who wanted money from the defendant; and that he was given conflicting explanations about his sentence compared with those of the co-defendants (who all received lesser sentences). Defendant contended that he felt pushed to take the guilty plea because his attorney had lied to him about the plea taken by a co-defendant Tejada. Defendant told the court that the attorney had told him that Tejada had taken a plea of five years and that because she had taken that plea he couldn't go to trial. (Tejada, parenthetically, received a sentence of five years probation.) Defendant also complained that his participation in what had taken place was that he merely served as an interpreter between the co-defendants and the complainant's brother.

Under all the circumstances presented herein, we would find that the court abused its discretion in not conducting a

hearing to determine whether defendant's allegations had merit, before imposing sentence *(People v McKennion,* 27 NY2d 671, 672-673), reverse and remand for such a hearing.