■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES D. ROBERTSON, Appellant. [681 NYS2d 919] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention of defendant that County Court abused its discretion in denying his motion to withdraw the guilty plea. Permission to withdraw a guilty plea rests solely within the court's discretion (*see,* CPL 220.60 [3]; *People v Cance,* 155 AD2d 764, 764-765; *People v Kelsch,* 96 AD2d 677), and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea (*see, People v Cance, supra,* at 764-765; *People v Randolph,* 78 AD2d 566). The record belies the contention that defendant was fraudulently induced to enter into the guilty plea by the statement of the prosecutor that there were no outstanding warrants for defendant. The prosecutor told defendant at the plea hearing that there was an outstanding warrant issued by the Buffalo Police Department. In addition, the court allowed defendant and defense counsel to speak at sentencing and the court questioned defendant, thus affording defendant the equivalent of a hearing on the issue of fraudulent inducement (*see, People v Tinsley,* 35 NY2d 926, 927; *People v Sanchez,* 210 AD2d 57, 58, *lv denied* 85 NY2d 942). We have considered the remaining contention of defendant and conclude that it is without merit. (Appeal from Judgment of Niagara County Court, Fricano, J.—Criminal Possession Controlled Substance, 5th Degree.) Present—Denman, P. J., Hayes, Pigott, Jr., and Fallon, JJ.