■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY POMPEY, Appellant. [708 NYS2d 918] —Crew III, J. P. Ap-

peal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered March 11, 1999, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

Defendant pleaded guilty to the crime of sexual abuse in the first degree in full satisfaction of a three-count indictment. As part of the negotiated plea arrangement, it originally was agreed that defendant would receive a sentence of time served and five years' probation provided he successfully completed a program in a residential drug and alcohol treatment facility. Prior to sentencing, defendant violated the terms of his plea agreement by leaving the treatment facility before completing the program. Defendant then moved to withdraw his guilty plea upon the ground that the victim, who apparently was his girlfriend, had recanted her prior statements. County Court denied the motion and sentenced defendant to an indeterminate prison term of 2 to 6 years. Defendant now appeals, contending that County Court erred in denying his motion to withdraw his guilty plea.

We affirm. As we previously have recognized, recantation evidence is " 'inherently unreliable and is insufficient alone to require setting aside a conviction' " (*People v Stamps*, 268 AD2d 886, 887, quoting *People v Brown*, 126 AD2d 898, 900, *lv denied* 70 NY2d 703). Moreover, our review of the plea proceedings does not disclose any other basis for withdrawal of the plea inasmuch as defendant was fully informed of the ramifications of pleading guilty and communicated his understanding to County Court. Defendant thereafter knowingly, voluntarily and intelligently entered a guilty plea to the crime charged and forthrightly acknowledged his guilt (*see, People v Stamps, supra*, at 887; *People v Jackson*, 251 AD2d 820, 823-824, *lv denied* 92 NY2d 926). Accordingly, we find that under these circumstances, County Court did not improvidently exercise its discretion by denying defendant's motion to withdraw his guilty plea.

Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.