THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED ACOFF, Appellant. (Appeal No. 1.) [735 NYS2d 329] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of stolen property in the second degree (Penal Law former § 165.45 [now Penal Law § 165.52, added L 1986, ch 515]). Defendant also appeals from a judgment convicting him upon his plea of guilty of bail jumping in the first degree (Penal Law former § 215.57, amended L 1983, ch 277). Defendant was sentenced to two consecutive indeterminate terms of imprisonment of 2 to 4 years, and is presently imprisoned.

On March 28, 1974, defendant entered a plea of guilty to criminal possession of stolen property in the second degree, a class E felony. At that time, he admitted a prior conviction of burglary in the second degree in Alabama in 1969. Defendant was released on his own recognizance prior to sentencing and absconded. A bench warrant was issued, but defendant was not returned to New York for a court appearance until January 1998. At that time, defendant had been indicted and charged with bail jumping in the first degree, as that statute existed prior to 1983, also a class E felony. Defendant entered a plea of guilty to the bail jumping charge on October 26, 1998, with the agreement that County Court would sentence defendant to two consecutive indeterminate terms of imprisonment of 2 to 4 years. When defendant indicated at sentencing that the 1969 conviction of burglary in the second degree in Alabama had

been taken off, the court held a hearing at which the People presented documentary evidence that defendant had been convicted of burglary in the second degree in Alabama in 1962, and sentenced to a two-year term of imprisonment. The conviction was vacated, and in 1969 defendant entered a plea of guilty to burglary in the second degree and was sentenced to a term of imprisonment of one year and one day. The court determined that the burglary conviction was a proper predicate felony conviction and sentenced defendant as a second felony offender.

On appeal, defendant contends that his conviction of criminal possession of stolen property in the second degree must be reduced to criminal possession of a stolen property in the fifth degree to allow him the advantage of statutory revisions that occurred in 1986. We reject defendant's contention. One goal of the amendments was to reduce the degrees of specified crimes to take into account "the impact of inflation on the valuation of property by increasing the minimum sum" (*People v Behlog*, 74 NY2d 237, 241). The statutory scheme was ameliorative, and those defendants whose cases were still in the system were entitled to the benefit of the statute "[a]bsent some valid reason to require the stricter penalty" (*People v Behlog, supra,* at 241). Here, there is a valid reason to require the stricter penalty, because defendant absconded and remained outside of the jurisdiction for 24 years. In any event, even if defendant were to receive the benefit of the revised statutes, he would be guilty of the class E felony of criminal possession of stolen property in the fourth degree for possession of a motor vehicle the value of which exceeds $100 (*see,* Penal Law § 165.45 [5]).

The contention of defendant that his conviction of bail jumping in the first degree must be reduced to bail jumping in the second degree is without merit. Although bail jumping in the first degree was renamed as bail jumping in the second degree in 1983, the two crimes are identical and bail jumping in the second degree remains a class E felony.

The court properly denied the motion of defendant to withdraw his plea of guilty to criminal possession of stolen property in the second degree. Because defendant entered a plea to a reduced charge, a factual colloquy was not required (*see, People v Clairborne,* 29 NY2d 950, 951; *People v Carruthers,* 227 AD2d 500, *lv denied* 89 NY2d 1033; *People v Gould,* 207 AD2d 989, *lv denied* 84 NY2d 1032). Contrary to the contention of defendant, his statements during the plea colloquy did not negate an essential element of the crime to which he was pleading guilty, and thus the court had no duty to make

further inquiry (*see, People v Lopez,* 71 NY2d 662, 666). Defendant admitted that he was entering a plea of guilty to knowingly possessing a stolen vehicle. Defendant admitted that he was told by the person from whom he bought the vehicle that the vehicle was "hot," but he denied knowing what "hot" meant. Following that statement, the court elicited further admissions from defendant that he did not know who the owner of the vehicle was, never asked for or received registration documents, and drove the vehicle for several days before he was picked up by the police. In our view, the court's inquiry was sufficient to demonstrate that the plea was knowingly, intelligently and voluntarily entered (*see, People v Lopez, supra,* at 667-668).

Defendant was properly sentenced as a second felony offender on both convictions. At the hearing, the People demonstrated that defendant was resentenced on an Alabama conviction of burglary in the second degree in 1969, within 10 years of defendant's commission of the two present offenses (*see,* Penal Law § 70.06 [1] [b] [i], [iv]; *see also, People v Bell,* 73 NY2d 153, 165; *People v Juliano,* 207 AD2d 414, 415, *lv denied* 84 NY2d 937). Defendant failed to preserve for our review his further contention that the Alabama conviction was not the equivalent of a New York felony (*see, People v Smith,* 73 NY2d 961, 962-963; *People v Bell,* 284 AD2d 118, *lv denied* 96 NY2d 898). We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Yates County Court, Falvey, J.—Criminal Possession Stolen Property, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Scudder, Burns and Gorski, JJ.