■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY PANE, Appellant. [738 NYS2d 799] —Appeal from a judgment of Ontario County Court (Henry, Jr., J.), entered November 29, 2000, convicting defendant upon his plea of guilty of, inter alia, criminal possession of stolen property in the fourth degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [2]) and one count of grand larceny in the fourth degree (Penal Law § 155.30 [1]). We reject the contention of defendant that County Court erred in denying his motion to withdraw his plea. "Permission to withdraw a guilty plea rests solely within the court's discretion (*see,* CPL 220.60 [3]; *People v Cance,* 155 AD2d 764, 764-765; *People v Kelsch,* 96 AD2d 677), and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea (*see, People v Cance, supra* at 764-765; *People v Randolph,* 78 AD2d 566)" (*People v Robertson,* 255 AD2d 968, 968, *lv denied* 92 NY2d 1053). Although at the outset of the plea colloquy, defendant denied knowing that the credit cards in his accomplice's possession were stolen, he thereafter admitted the elements of the crimes to which he pleaded guilty. Defendant presented no evidence of innocence, fraud or mistake in inducing the plea, and the court's inquiry was sufficient to demonstrate that defendant's plea was knowingly, intelligently and voluntarily entered (*see, People v Lopez,* 71 NY2d 662, 667-668; *People v Acoff,* 289 AD2d 1085).

Defendant further contends that the court erred in failing to conduct a second felony offender hearing. Because defendant did not "specify the particular allegation or allegations he wishe[d] to controvert" or challenge the constitutionality of the underlying felony, he was not entitled to a hearing (CPL 400.21 [3]; *see,* CPL 400.21 [4], [7] [b]). In any event, the certificate of disposition was sufficient to support the finding that defendant had previously been convicted of a predicate felony. Present—Pigott, Jr., P.J., Pine, Hayes, Hurlbutt and Lawton, JJ.