◼◼◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL R. NICHOLS, JR., Appellant. (Appeal No. 2.) [755 NYS2d 547] —Appeal from a judgment of Steuben County Court (Furfure, J.), entered August 13, 2001, convicting defendant upon his plea of guilty of rape in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the third degree (Penal Law § 130.25 [former (2)]). Contrary to the contention of defendant, County Court did not abuse its discretion in denying his motion to withdraw his *Alford* plea based on a written statement procured by defendant's girlfriend in which the victim recanted her earlier accusations (*cf. People v De Jesus*, 199 AD2d 529, 530-531; *see generally People v Pane*, 292 AD2d 850, *lv denied* 98 NY2d 653). "[A] guilty plea may not be withdrawn absent some evidence or claim of innocence, fraud or mistake in its inducement" (*People v Davis*, 250 AD2d 939, 940; *see also Pane*, 292 AD2d at 850; *People v Robertson*, 255 AD2d 968, *lv denied* 92 NY2d 1053). A " 'defendant is not entitled to withdraw his plea merely because he discovers * * * that his calculus misapprehended the quality of the State's case' " (*People v Jones*, 44 NY2d 76, 81, *cert denied* 439 US 846; *see also De Jesus*, 199 AD2d at 531). Recantation evidence is " ' "inherently unreliable and is insufficient alone to require setting aside a conviction" ' " (*People v Pompey*, 272 AD2d 779, 780, *lv denied* 95 NY2d 892 [internal quotation marks omitted]). Indeed, the court conducted a hearing to determine the manner in which the victim's written statement was procured, and the victim testified, under oath and with im-

munity, that defendant had sexual intercourse with her and that she had provided the recantation statement under pressure from defendant's niece and girlfriend. Thus, the victim in effect recanted her recantation, and thus the court properly denied defendant's motion. Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Lawton, JJ.