# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

194

KA 10-00217

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

PRISCILLA GUMPTON, DEFENDANT-APPELLANT.

---

KATHLEEN E. CASEY, BARKER, FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered August 26, 2009. The judgment convicted defendant, upon her plea of guilty, of grand larceny in the third degree, grand larceny in the fourth degree (two counts) and criminal possession of stolen property in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon her plea of guilty of, inter alia, two counts of grand larceny in the fourth degree (Penal Law § 155.30 [1]), defendant contends that County Court abused its discretion in denying her motion to withdraw the guilty plea. We reject that contention (*see generally People v Dozier*, 74 AD3d 1808, *lv denied* 15 NY3d 804). "Permission to withdraw a guilty plea rests solely within the court's discretion . . ., and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (*People v Robertson*, 255 AD2d 968, *lv denied* 92 NY2d 1053). Although in support of the motion defense counsel attacked the strength of the People's proof and contended that the case was "eminently triable," it is well settled that " 'defendant [was] not entitled to withdraw [her] plea merely because [s]he discover[ed] . . . that [her] calculus misapprehended the quality of the State's case' " (*People v Jones*, 44 NY2d 76, 81, *cert denied* 439 US 846). In any event, any "assertion of innocence by defendant in support of the motion is belied by [her] admission of guilt during the plea colloquy" (*People v Conde*, 34 AD3d 1347, 1347).

To the extent that the contention of defendant that she was denied effective assistance of counsel is not forfeited by the plea (*see People v Santos*, 37 AD3d 1141, *lv denied* 8 NY3d 950), it is lacking in merit (*see generally People v Ford*, 86 NY2d 397, 404).

Defendant's assertion that defense counsel was ineffective is contradicted by her statements during the plea colloquy (*see People v Harris*, 63 AD3d 1653, *lv denied* 13 NY3d 744).  Moreover, we note that "[d]efense counsel negotiated 'an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People v Gross*, 50 AD3d 1577, quoting *Ford*, 86 NY2d at 404).  Defendant failed to preserve for our review her contention that the People failed to place on the record at the time of the plea the proof they intended to offer at trial inasmuch as she did not move to withdraw her plea or to vacate the judgment of conviction on that ground (*see generally People v Jones*, 71 AD3d 1573, 1574, *lv denied* 15 NY3d 775).  In any event, during the plea proceeding defendant unequivocally admitted the elements of the crimes to which she pleaded guilty, and "the court's inquiry was sufficient to demonstrate that [her] plea was knowingly, intelligently and voluntarily entered" (*People v Pane*, 292 AD2d 850, 850, *lv denied* 98 NY2d 653).  Finally, the sentence is not unduly harsh or severe.

Entered:  February 18, 2011                    Patricia L. Morgan
                                              Clerk of the Court