■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LERON SMITH, Appellant. [920 NYS2d 354]—

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered December 22, 2008, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony drug offender whose prior conviction was a violent felony, to a term of three years, unanimously affirmed.

Defendant's claim that the sentencing court should have held a hearing on his challenge to the constitutionality of his predicate felony conviction "relate[s] to presentence procedures" (*People v Samms*, 95 NY2d 52, 58 [2000]), and thus requires preservation. We decline to review this unpreserved claim in the

interest of justice. As an alternative holding, we also reject it on the merits. Defendant did not substantiate his claim that he received ineffective assistance in connection with the predicate conviction, and the plea minutes from that case clearly establish that the conviction was constitutionally obtained (*see People v Harris*, 61 NY2d 9, 15-16 [1983]; *see also People v Ford*, 86 NY2d 397, 404 [1995]). In particular, the plea allocution from the prior case shows that defendant was aware of the elements of the crime to which he pleaded guilty. Accordingly, the court was not required to conduct a hearing (*see People v Boychet*, 255 AD2d 193 [1998], *lv denied* 92 NY2d 1028 [1998]; *People v Roberson*, 160 AD2d 200 [1990], *lv denied* 76 NY2d 795 [1990]). Concur—Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ.