OPINION OF THE COURT
Felicia A. Mennin, J.
The defendant, Eric. W. Daly, seeks to withdraw his pleas of guilty to two separate charges of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]), entered by this court on June 30, 2011.[1] The charges against the defendant arose out of two separate incidents, which occurred less than one month apart on, respectively, December 10, 2010 and January 7, 2011. On each occasion, among other things, defendant was charged with possessing a gravity knife. During the period from January 2011 through June 2011, the defendant appeared in court on three occasions, each time represented by his own, privately retained attorney.
At the court appearance on June 30, 2011, there was an extended colloquy on the record between the defendant’s retained attorney, the prosecutor, and the court. During that colloquy, the prosecution had initially recommended a jail/ probation split sentence on a plea to the charge on each docket. Defense counsel had requested a term of probation from the court. The prosecutor ultimately amended his recommendation for sentence to a term of probation with community service. At that time, the defendant, through his attorney, indicated that he wished to plead guilty. The colloquy was followed by a lengthy allocution of the defendant by the court at which time the defendant pleaded guilty to two separate charges of criminal possession of a weapon in the fourth degree in full satisfaction of the two dockets. Sentencing is pending.
*965 The defendant has moved for an order permitting him to withdraw these guilty pleas pursuant to CPL 220.60 (3). The People oppose this motion. CPL 220.60 (3) authorizes the court to allow a defendant to withdraw a guilty plea under the following circumstances:
“At any time before the imposition of sentence, the court in its discretion may permit a defendant who has entered a plea of guilty to the entire indictment or to part of the indictment, or a plea of not responsible by reason of mental disease or defect, to withdraw such plea, and in such event the entire indictment, as it existed at the time of such plea, is restored.”
A guilty plea generally “marks the end of a criminal case, not a gateway to further litigation.” (People v Taylor, 65 NY2d 1, 5 [1985].) When a defendant files a motion to withdraw his guilty plea, he “should be afforded reasonable opportunity to present his contentions.” (People v Tinsley, 35 NY2d 926, 927 [1974].) Nevertheless, a guilty plea should not be disturbed if “it was entered voluntarily, knowingly and intelligently.” (People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Infante, 84 AD3d 581 [1st Dept 2011].) Stated another way “a [guilty] plea may not be withdrawn absent some evidence or claim of innocence, fraud or mistake.” (People v Anderson, 270 AD2d 509, 510 [3d Dept 2000], lv denied 95 NY2d 792 [2000].)
The defendant has failed to put forth any legally cognizable basis for withdrawal of his two guilty pleas. The sole basis proffered for withdrawal is that the court’s allocution of him at the time he offered his guilty pleas failed to establish from his mouth an essential element of the crime of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]) — the operability of the gravity knife. The alleged weapon in each case, a “gravity knife,” is defined in article 265 as “any knife which has a blade which is released from the handle or sheath thereof by the force of gravity or the application of centrifugal force which, when released, is locked in place by means of a button, spring, lever or other device.” (Penal Law § 265.00 [5].)
It is true that the court did not specifically ask the defendant whether the blade of each knife, which he admitted possessing, could be released from the handle and locked in a straight position by the force of gravity or application of centrifugal force; nor did the defendant make any such statement. However, as the minutes of the guilty plea show, the de *966 fendant did, when asked by the court whether the knives were “gravity knives,” admit that they were.
The defendant cannot credibly argue that he was ignorant of what, by law, constitutes a “gravity knife.” Each of the accusatory instruments, which were served upon the defendant at his arraignments, clearly alleged that a police officer had (1) successfully opened the knife and locked the blade with one hand and (2) characterized each knife as a “gravity knife.” Such allegations, along with the allegation that the defendant possessed the knife constitutes a prima facie case of criminal possession of a weapon in the fourth degree. (See People v Jouvert, 50 AD3d 504 [1st Dept 2008], lv denied 11 NY3d 790 [2008]; People v Birth, 49 AD3d 290 [1st Dept 2008], lv denied 10 NY3d 859 [2008].) Moreover, defendant was charged with a second gravity knife offense just one month after he had first been charged with that offense, had been presented with the accusatory instruments in both cases, and was represented by counsel of his choice in court in both cases. It is reasonable to infer from these facts that if the defendant had been ignorant of the risk of arrest for possession of such a knife the first time, he was well aware of the risk the second time he carried a similar knife, and was thoroughly versed as to what the State contends constituted a gravity knife by the time he chose to enter his guilty pleas.
In any event, whether the defendant knew that these instruments were operable gravity knives is irrelevant. All that is required for guilt in each case — besides proof that the knife was a gravity knife — is the defendant’s knowledge that he possessed a knife; not that he knew that the knife fit the statutory description of a gravity knife. (See People v Berrier, 223 AD2d 456, 457 [1st Dept 1996], lv denied 88 NY2d 876 [1996].)
As the minutes of the proceeding show, the court allocuted the defendant as to all necessary elements of the crime and fully apprised him of the rights and privileges that he would be waiving by guilty pleas, including the right to confront the witnesses against him and to present his own case. (See Boykin v Alabama, 395 US 238, 243 n 5 [1969]; People v Fiumefreddo, 82 NY2d at 543.) Under the circumstances, the court is satisfied that the defendant offered his guilty pleas knowingly.
The defendant does not argue that he offered his guilty pleas involuntarily, i.e., that he was coerced into doing so by the court or counsel. The record is devoid of such manipulation having occurred. (See People v Sloane, 13 AD3d 400 [2d Dept 2004], lv *967 denied 4 NY3d 767 [2005], lv denied upon reconsideration 4 NY3d 890 [2005].)
The defendant’s motion papers are, in fact, silent as to the performance of his former privately retained counsel who represented him at the guilty pleas. He does not argue that counsel misled him as to the nature of the cases against him or failed to inform him of the possible defenses available to him at trial, or that he had not had adequate time to discuss with his counsel his decision to plead guilty.[2] The court can only conclude from that silence that the defendant has not based his motion in any way upon a claim of ineffective assistance of counsel, a constitutional infirmity that can be sufficient grounds to permit withdrawal of a guilty plea. (See Strickland v Washington, 466 US 668, 687 [1984]; People v McDonald, 1 NY3d 109, 113-114 [2003].)
A claim of innocence to the crime may require a court to conduct a hearing before determining whether a defendant may withdraw his guilty plea. (See People v Sanchez, 210 AD2d 57, 58-59 [1st Dept 1994]; People v Hall, 56 AD2d 893 [2d Dept 1977].) However, in this case, the record before the court fails to show that the defendant ever protested his innocence or wavered in his willingness to plead guilty before doing so. The defendant, even now, does not deny that he possessed the knives. He contends that the knives in question are not gravity knives but utility knives. He does not, however, argue that the knives fail to fit the definition of a gravity knife as provided in Penal Law § 265.00 (5).[3] He only argues that it is an injustice for him to be convicted of this crime because the knives he possessed are manufactured and sold nationwide as utility tools and not weapons, that they are commonly used by electricians, as he is, or other persons in the building trades, and that he only uses the knife for work, not as a weapon.
*968 In support of this argument, he has submitted commercial catalogues showing the knives being offered for sale to the public. He has cited a federal district court case which questions, in pure dicta, whether possession of such knives under apparently benign circumstances and unmodified to make them flick into an open locked position should be criminalized pursuant to Penal Law § 265.01 (l).[4] The defendant also relies on the case of People v Dolson (142 Misc 2d 779 [County Ct, Onondaga County 1989]), which on appeal reversed the defendant’s conviction in Syracuse City Court of possession of a gravity knife. In that case, however, the County Court conducted a de novo review of the knife’s operability — including its own physical inspection of the knife — and determined that after a safety lever was retracted, the knife blade was released from its sheath by a flick of the wrist but that the blade did not lock in place, thereby not meeting the definition of a gravity knife.
The defendant asks the court to conclude from his submissions that the illegality of possession of such knives by persons in the building trades constitutes an injustice that warrants that he be given his guilty pleas back.[5] In effect, the defendant contends that his possession of the knives was lawful because he did so without criminal intent, but there is no such exemption in Penal Law § 265.01 (1). None of these arguments constitute a lawful basis for withdrawal of his guilty pleas.
The defendant does not attack the constitutionality of the statute on the grounds that Penal Law § 265.00 (5), which *969 defines a “[gjravity knife,” is overbroad as applied to Penal Law § 265.01 (1). Even if he were inclined to do so, because such a challenge is not waived by a guilty plea (see People v Lee, 58 NY2d 491, 492-493 [1983]), his effort would be fruitless. This court may not substitute its view of the criminality of possession of such a knife for that of the Legislature of the State of New York. The Legislature has shown that it has been mindful of the danger of overbroad limitations of personal conduct involving potentially deadly instruments. In enacting the ban on gravity knife possession and its statutory definition, the Legislature created an exemption for possession of such knives for hunting, trapping and fishing, provided that the possessor has obtained a state license to do so. (See Penal Law § 265.20 [a] [6].) Similarly, the City Council of New York exempted those who carry a knife in a public place with a blade of four inches or more from the law banning such conduct if they are “hunting, fishing, camping, hiking, picnicking or [using the knife in] any employment, trade or occupation customarily requiring the use of such knife.” (See Administrative Code of City of NY § 10-133 [b] , [d].) Whether the Legislature should amend the definition of gravity knife in Penal Law § 265.00 (5) to narrow its scope is an issue that properly should be addressed to that branch of government.
Accordingly, the defendant’s motion for an order permitting him to withdraw his guilty pleas or in the alternative granting him a hearing is hereby denied.

. On that date, the defendant pleaded guilty to criminal possession of a weapon in the fourth degree in satisfaction of the sole count of the accusatory instrument in docket No. 2010NY091254 and pleaded guilty to the same charge in satisfaction of multiple counts of the accusatory instrument in docket No. 2011NY01692.

. Indeed, because he was represented by counsel of his own choosing, it is reasonable to infer that he had more access to that attorney than a defendant who has an assigned attorney.

. The defendant does not claim that the knives he possessed cannot be locked in a fully open position by the flick of a wrist. Even if the knives could not be shown to lock in place by a flick on every try, that would not negate operability under Penal Law § 265.00 (5). (People v Smith, 309 AD2d 608, 609 [1st Dept 2003], citing People v Cavines, 70 NY2d 882 [1987] [fact that handgun misfired once during operability test does not negate proof of operability]; and see People v Birth, 49 AD3d at 290 [People had no obligation to direct the police officer witness to try to flick open and lock the purported gravity knife blade with his weaker hand and from a seating position].)

. In that case (United States v Irizzary, 509 F Supp 2d 198 [US Dist Ct, SD NY 2007]), the court held that the search of the defendant which produced a loaded handgun was unlawful because the police officer had conducted that search solely based upon his observation of part of a knife — which he believed was a gravity knife — protruding from the defendant’s pocket. The court held that the officer’s assumption that the knife was a gravity knife was based only upon the appearance of a small part of the knife, which could not, without an admission by the defendant or a test of the mechanism, have given the officer reasonable cause to believe that the object was a gravity knife. (509 F Supp 2d at 209.) Because the officer did not question the defendant about the type of knife it was before arresting him and conducting the search which led to the recovery of the gun, the court suppressed the gun. The court did not hold that Penal Law § 265.01 (l)’s criminalization of such knives because they can flick into a locked open position with sometimes vigorous effort was unconstitutionally overbroad.

. The court notes that the circumstances surrounding the defendant’s possession of these knives hardly suggest that he was carrying them as an obligation to his employer. In both cases he possessed the knives late at night, not a time of day that one would expect an electrician to be on the job or going to or coming from the job.