# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

153

KA 08-02528

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ROBERT L. WORDEN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NICOLE FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered September 2, 2008. The judgment convicted defendant, upon his plea of guilty, of rape in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following his plea of guilty, of rape in the third degree (Penal Law § 130.25 [3]). Defendant contends that County Court erred in denying his motion to withdraw his plea because he did not understand the nature of the charge to which he pleaded guilty and thus the plea was not knowingly, voluntarily and intelligently entered. That ground in support of the motion to withdraw the plea is raised for the first time on appeal, however, and thus is not preserved for our review (*see* CPL 470.05 [2]). Rather, defendant's motion was based on a purported recantation by the victim. We conclude that the court properly denied defendant's motion to withdraw his plea on that ground because, as the court properly noted, recantations are inherently unreliable (*see* *People v Nichols*, 302 AD2d 954, *lv denied* 99 NY2d 657). In any event, the court further noted that the victim's recantation was "equivocal at best." To the extent that defendant may be deemed to challenge the factual sufficiency of the plea allocution, we note that he had failed to preserve his contention for our review (*see People v Lopez*, 71 NY2d 662, 665), and this case does not fall within the rare exception to the preservation requirement (*see id.* at 666). Furthermore, to the extent that defendant's further contention that he was denied effective assistance of counsel survives his plea of guilty (*see* *People v Carmody*, 90 AD3d 1526), we conclude that it lacks merit (*see*

*generally People v Ford*, 86 NY2d 397, 404).

Frances E. Cafarell
Clerk of the Court