# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**294**

**KA 10-00701**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

KARL MCCALLA, ALSO KNOW AS FRANCIS NEWTON,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a new sentence of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered December 9, 2009 imposed upon defendant's conviction of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree. Defendant was resentenced pursuant to the 2005 Drug Law Reform Act upon his 1996 conviction.

It is hereby ORDERED that the sentence so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a new sentence imposed by County Court pursuant to the 2005 Drug Law Reform Act (L 2005, ch 643, § 1), upon his 1996 conviction of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). He was sentenced as a second felony offender and contends that he did not knowingly and voluntarily waive his right to challenge the constitutionality of his predicate conviction before being adjudicated a second felony offender. Defendant's contention is not preserved for our review and, in any event, we conclude that it lacks merit.

After reading the second felony offender information into the record, the prosecutor asked defendant if he had any constitutional challenges to the conviction, and he answered, "No ma'am." Defendant confirmed that he had spoken with defense counsel about the prior conviction, and he admitted that he was the same person who had been previously convicted. Subsequently, the court again asked defendant if he had any constitutional challenges to the predicate conviction, to which defendant answered, "Not pending, your Honor."

Defendant's contention, i.e., that the court should have

conducted a further inquiry or held a hearing on any purported challenge to the constitutionality of the predicate conviction, " 'relate[s] to presentence procedures' . . . , and thus requires preservation" (*People v Smith*, 83 AD3d 470, 470, *lv denied* 17 NY3d 801, quoting *People v Samms*, 95 NY2d 52, 58). Defendant correctly concedes that he did not preserve his contention for our review (*see People v Butler*, 96 AD3d 1367, 1368, *lv denied* 20 NY3d 931; *People v Fidler*, 28 AD3d 1220, 1221, *lv denied* 7 NY3d 755; *see generally People v Anderson*, 48 AD3d 1065, 1066, *lv denied* 10 NY3d 955).

In any event, defendant affirmatively waived any constitutional challenge to the predicate conviction when he informed the prosecutor that he did not have any challenges to the predicate conviction and admitted that conviction (*see* CPL 400.21 [7] [b]; *People v Woolley*, 289 AD2d 1084, 1084-1085, *lv denied* 98 NY2d 682). Moreover, his subsequent statement to the court, i.e., that he had no "present basis for challenging" the predicate conviction, is sufficient to constitute a waiver of the right to challenge the predicate conviction (*People v Carter*, 76 AD3d 1139, 1140, *lv denied* 15 NY3d 952). Regardless whether defendant stated that he had no challenges or no "pending" challenges to the predicate conviction, he "fail[ed] to challenge the underlying felony conviction at sentencing," and was therefore properly sentenced as a second felony offender (*People v Vandenburg*, 254 AD2d 532, 535, *lv denied* 93 NY2d 858; *see People v Pane*, 292 AD2d 850, 851, *lv denied* 98 NY2d 653).

Entered:  March 21, 2014                         Frances E. Cafarell
                                                 Clerk of the Court