# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1271
KA 13-01589
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BRENDA CARTER-DOUCETTE, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVID W. FOLEY, DISTRICT ATTORNEY, MAYVILLE (JOSEPH M. CALIMERI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered August 12, 2013. The judgment convicted defendant, upon her plea of guilty, of criminal sale of a controlled substance in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon her plea of guilty of criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31), defendant contends that County Court erred in summarily denying her motion to withdraw her plea and in failing to assign her new counsel before making that determination. With respect to defendant's motion to withdraw her plea, we note that defendant indicated at sentencing that she was not ready to proceed and was seeking "a lesser plea." Defendant asserted that she was not able to review the People's discovery until after she had pleaded guilty and that she had therefore accepted a greater sentence than was warranted by the evidence in the People's case. The court responded that defendant would not receive a reduced plea and, if she moved to withdraw her plea in order to preserve the issue for appeal, the motion would be denied. Defendant subsequently moved to withdraw her plea, and the court denied the motion. We conclude that the court thereby afforded defendant the requisite "reasonable opportunity to present [her] contentions" (*People v Tinsley*, 35 NY2d 926, 927; *see People v Walker*, 114 AD3d 1257, 1258, *lv denied* 23 NY3d 1044; *People v Rossborough*, 105 AD3d 1332, 1333, *lv denied* 21 NY3d 1045). Furthermore, " 'a guilty plea may not be withdrawn absent some evidence or claim of innocence, fraud or mistake in its inducement' " (*People v Nichols*, 302 AD2d 954, 954, *lv denied* 99 NY2d 657), and defendant made no such showing here. Indeed, defendant is not entitled to withdraw her plea "merely because [she] discovers . . .

that [her] calculus misapprehended the quality of the [People's] case" (*People v Jones*, 44 NY2d 76, 81, *cert denied* 439 US 846, quoting *Brady v United States*, 397 US 742, 757; *see People v Murdock*, 27 AD3d 1170, 1171).

With respect to defendant's contention that the court should have assigned new counsel before denying her motion to withdraw her plea, we note that defendant never sought new counsel, but contends for the first time on appeal that she was entitled to new counsel because she and her lawyer disagreed about her access to discovery materials in open court such that her lawyer took a position that was adverse to her interests. Defendant's contention that she was denied access to discovery materials is "belied by [her] statements during the plea colloquy," however, wherein she agreed that she had sufficient opportunity to review the plea with defense counsel (*People v Farley*, 34 AD3d 1229, 1230, *lv denied* 8 NY3d 880). Moreover, we note in any event that the record demonstrates that the court's " 'rejection of [the] motion was not influenced by' [any] statements" made by defense counsel (*People v Wester*, 82 AD3d 1677, 1678, *lv denied* 17 NY3d 803; *see People v Thaxton*, 309 AD2d 1255, 1256, *lv denied* 1 NY3d 581; *People v Coleman*, 294 AD2d 843, 843).

Entered:  January 2, 2015                        Frances E. Cafarell
                                                  Clerk of the Court