People v Morse (2024 NY Slip Op 06455)

People v Morse

2024 NY Slip Op 06455

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

796 KA 19-02334

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WALTER T. MORSE, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY N. WALENDZIAK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered October 25, 2018. The judgment convicted defendant upon a guilty plea of manslaughter in the second degree, attempted murder in the second degree, and criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the second degree (Penal Law § 125.15 [1]), attempted murder in the second degree (§§ 110.00, 125.25 [1]), and criminal possession of a controlled substance in the third degree (§ 220.16 [1]).
Preliminarily, we note that, as the People correctly concede, defendant's contentions would survive even a valid waiver of the right to appeal (see People v Taylor, 144 AD3d 1317, 1318 [3d Dept 2016], lv denied 28 NY3d 1151 [2017]; People v Farnsworth, 140 AD3d 1538, 1539 [3d Dept 2016]). Consequently, we need not address the validity of the appeal waiver (see People v Barnes, 206 AD3d 1713, 1714 [4th Dept 2022], lv denied 38 NY3d 1132 [2022]).
Defendant contends that his plea to criminal possession of a controlled substance in the third degree should be vacated because it was not knowingly, intelligently, and voluntarily entered. Defendant did not raise that contention in his motion to withdraw his guilty plea or move to vacate the judgment of conviction on that ground, and he therefore failed to preserve that contention for our review (see People v Bailey, 49 AD3d 1258, 1259 [4th Dept 2008]). Moreover, the narrow exception to the preservation rule set forth in People v Lopez (71 NY2d 662, 666 [1988]) does not apply here.
Because we conclude that defendant is not entitled to vacatur of his guilty plea to criminal possession of a controlled substance in the third degree, we reject his related contention that he is entitled to vacatur of his remaining guilty pleas pursuant to People v Williams (17 NY3d 834, 836 [2011]).
We reject defendant's further contention challenging County Court's denial of his motion to withdraw his guilty plea to attempted murder in the second degree. "Permission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (People v Gumpton, 81 AD3d 1441, 1442 [4th Dept 2011], lv denied 17 NY3d 795 [2011] [internal quotation marks omitted]). Although in support of the motion, defense counsel relied on, inter alia, 911 calls and body-worn camera footage that allegedly cast doubt on defendant's guilt, it is well settled that "defendant [was] not entitled to withdraw his plea merely because he discover[ed] . . . that his calculus misapprehended the [*2]quality of the State's case" (People v Jones, 44 NY2d 76, 81 [1978], cert denied 439 US 846 [1978]). Moreover, "any assertion of innocence by defendant in support of the motion is belied by [his] admission of guilt during the plea colloquy" (Gumpton, 81 AD3d at 1442 [internal quotation marks omitted]).
We reject defendant's related contention that the court erred by denying defendant's motion without conducting an evidentiary hearing or conducting a further inquiry into defendant's allegation in post-plea letters to the court that his previous counsel had not shown him the electronically recorded reports of the shooting before defendant entered his guilty plea to attempted murder. We conclude that the court afforded defendant a reasonable opportunity to advance his claims in a motion to withdraw his guilty plea (see People v Frederick, 45 NY2d 520, 524-525 [1978]; People v Tinsley, 35 NY2d 926, 927 [1974]) and that the court "did not abuse its discretion in discrediting those claims" (People v Merritt, 115 AD3d 1250, 1250-1251 [4th Dept 2014], lv denied 30 NY3d 1021 [2017], reconsideration denied 35 NY3d 1068 [2020]).
Defendant's contention that his previous counsel was ineffective in failing to show him the electronically recorded material is based primarily on matters outside the record and must be raised pursuant to a CPL 440.10 motion (see generally People v Streeter, 118 AD3d 1287, 1289 [4th Dept 2014], lv denied 23 NY3d 1068 [2014], reconsideration denied 24 NY3d 1047 [2014]).
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court