■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MYRON L. STAMPS, Appellant. [702 NYS2d 429] —Cardona, P. J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered February 6, 1998, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the second degree and conspiracy in the second degree.

In December 1996, defendant and 16 others were indicted for various crimes stemming from their participation in a drug distribution network in which large quantities of cocaine were circulated from Puerto Rico and New York City to Broome County and other locations within the United States. Defendant was charged with the crimes of conspiracy in the second degree, criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree. County Court assigned an attorney at the arraignment and defendant pleaded not guilty. At a subsequent court appearance on February 24, 1997, County Court was advised that defendant had retained other counsel. Therefore, defendant was given until March 10, 1997 to consider an existing plea offer. On that date, he accepted the offer and pleaded guilty to conspiracy in the second degree and criminal possession of a controlled substance in the second degree in full satisfaction of the indictment. In accordance with the agreement, defendant was to be sentenced to consecutive prison terms of 2 to 6 years on the conspiracy charge and 8 years to life on the criminal possession charge.

Prior to sentencing, defendant made a motion to withdraw his plea pursuant to CPL 220.60 (3) on the basis of newly discovered evidence. The evidence consisted of a notarized let-

ter, dated January 16, 1998, written by Otha Huffman, a coconspirator, indicating that Huffman purchased cocaine for his personal use instead of for sale, thereby recanting prior statements in which he implicated defendant in the crimes charged. County Court denied the motion without a hearing and imposed the agreed-upon sentence. Defendant appeals.

Initially, we find no merit to defendant's claim that County Court erred in denying his motion to withdraw his guilty plea. Here, the sole basis for defendant's motion was the letter written by Huffman approximately 10 months after entry of the plea. As indicated in defense counsel's affidavit, it was believed that Huffman would have provided damaging testimony against defendant at trial and the letter, in which Huffman essentially recanted prior statements and admitted that the purchase of the cocaine was for his own personal use, substantially weakened the case against defendant. We have held that "newly discovered evidence which serves merely to impeach or contradict former evidence is not enough to set aside a judgment of conviction" (*People v Sides*, 242 AD2d 750, 751, *lv denied* 91 NY2d 836). This is particularly so with respect to recantation evidence which we have noted is "inherently unreliable and is insufficient alone to require setting aside a conviction" (*People v Brown*, 126 AD2d 898, 900, *lv denied* 70 NY2d 703). In view of this, withdrawal of defendant's plea was not warranted on the basis of Huffman's letter.

In addition, our review of the transcript of the plea proceedings does not disclose any other ground justifying withdrawal of the plea. During the plea colloquy, defendant was fully apprised of the ramifications of pleading guilty and communicated his understanding to County Court as well as the fact that he was not coerced or pressured into entering his plea. Moreover, he made a complete factual admission to the conduct constituting the crimes in the presence of his attorney. Under these circumstances, we conclude that defendant's plea was knowing, voluntary and intelligent (*see, People v Baker*, 225 AD2d 949, *lv denied* 88 NY2d 844).

Contrary to defendant's claim, we do not find that County Court erred in failing to conduct an evidentiary hearing prior to ruling upon the motion to withdraw his plea. It is the province of the trial court to ascertain the nature and extent of the fact-finding procedures necessary to decide a motion to withdraw a guilty plea (*see, People v Fiumefreddo*, 82 NY2d 536, 543-544). Notably, the Court of Appeals has recognized that "[o]nly in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the

court will suffice" (*People v Tinsley*, 35 NY2d 926, 927). Here, County Court afforded defendant and his attorney the opportunity to address the court on the withdrawal application and heard oral argument. In view of this and considering the basis for the motion, we cannot say that the failure to conduct an evidentiary hearing constituted an abuse of discretion (*see*, *People v Ribeiro*, 245 AD2d 804, 805, *lv denied* 91 NY2d 976; *People v Feliciano*, 242 AD2d 787).

Defendant further argues that his conviction should be overturned because the prosecution withheld exculpatory evidence in violation of *Brady v Maryland* (373 US 83). In particular, he asserts that the prosecution failed to disclose, prior to his guilty plea, that there was no surveillance tape of a meeting between defendant, Huffman and Ulyssess Pope, Jr., another coconspirator, involving an alleged exchange of drugs, or that no seizure of drugs resulted from Huffman's arrest. These assertions, however, are directly contrary to sworn statements made by defendant in his affidavit in support of his motion to withdraw his plea. Therein, he related that prior to pleading guilty he was advised by his attorney that, while the police had surveilled the subject meeting between Huffman and Pope, "there was no testimony that would have placed me at the location of this alleged transfer of cocaine, nor was there any evidence to show that police seized any cocaine from * * * Pope or * * * Huffman on that date or that a lab report was created to indicate the existence of cocaine". Inasmuch as defendant had knowledge prior to entering his plea of the very information he contends the prosecution failed to disclose, his argument regarding claimed *Brady* violations is without merit (*see*, *Tate v Wood*, 963 F2d 20, 25-26; *United States v Grossman*, 843 F2d 78, 85, *cert denied* 488 US 1040; *see also*, *People v Ahmed*, 244 AD2d 415, *lv denied* 91 NY2d 888; *People v Hernandez*, 198 AD2d 375, 376, *lv denied* 83 NY2d 806).

Lastly, we note that defendant's knowing, voluntary and intelligent guilty plea which contained an explicit waiver of his right to appeal has rendered his challenges to the effectiveness of his assigned counsel premised upon her failure to make pretrial motions (*see*, *People v Johnson*, 267 AD2d 609; *People v Mingues*, 256 AD2d 657, 675, *lv denied* 93 NY2d 974) and the harshness of the sentence (*see*, *People v Ennis*, 254 AD2d 642, *lv denied* 92 NY2d 1048; *People v Poleto*, 252 AD2d 668, *lv denied* 92 NY2d 929) unpreserved for our review. Neverthe-

less, were we to consider the claims, we would find them without merit. Defendant's assigned counsel adequately represented him at the arraignment and, shortly thereafter, was replaced by an attorney retained by defendant's family. Prior to the replacement, there was little time within which to make pretrial motions and, in any event, defendant was given an extension of time after the change of attorneys to consider the plea offer and make motions. Under all the circumstances, defendant's assigned counsel provided meaningful representation (*see, People v Rivera*, 71 NY2d 705, 708; *People v Williams*, 267 AD2d 772, 773). As to the severity of the sentence, given the scope of the drug distribution network of which defendant was a part and that the sentence imposed was part of the plea bargain, we find no reason to disturb it.

Crew III, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.