■ The People of the State of New York, Respondent, v Kenneth M. Kagonyera, Appellant. [759 NYS2d 785] —Cardona, P.J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered February 14, 2002 in Albany County, convicting defendant upon his plea of guilty of the crimes of attempted burglary in the second degree and criminal contempt in the first degree.

Defendant was indicted on charges of burglary in the first degree, two counts of criminal contempt in the first degree, assault in the third degree, petit larceny and endangering the

welfare of a child. Following plea negotiations, defendant entered a plea of guilty of the crimes of criminal contempt in the first degree and attempted burglary in the second degree in full satisfaction of the indictment. Defendant thereafter retained new counsel and moved to withdraw his guilty plea, claiming that he was innocent and his guilty plea was coerced by his former counsel's failure to provide effective assistance. Supreme Court denied defendant's motion after a hearing and defendant was sentenced in accordance with the plea agreement to 180 days' incarceration and five years' probation. Defendant appeals.

We affirm. Supreme Court did not abuse its discretion when it denied defendant's motion to withdraw his guilty plea (*see* CPL 220.60 [3]). The record reflects that, before accepting defendant's plea, the court ascertained that defendant understood the nature and consequences of his plea, including the rights being relinquished and that he was thinking clearly. The court further determined that he was not coerced into entering the plea and he had conferred with counsel as to, inter alia, his legal rights and possible defenses. Inasmuch as defendant admitted committing the crimes, never asserted his innocence during the plea proceeding and proffered no evidence of innocence at the hearing on his motion, the court's denial of defendant's motion on this basis was not an abuse of discretion (*see People v Davis*, 250 AD2d 939, 940 [1998]; *People v Hudson*, 237 AD2d 759, 760 [1997], *lv denied* 90 NY2d 1012 [1997]).

Defendant's challenge to the voluntariness of his plea is predicated on former counsel's alleged failure to investigate defendant's alibi defense. Inasmuch as counsel did investigate defendant's alleged alibi witness, who refused to provide an alibi for defendant's whereabouts at the time of the crime, we cannot say that counsel's recommendation that defendant enter a guilty plea rather than pursue an alibi defense at trial was unreasonable (*see People v Alstin*, 239 AD2d 790, 791 [1997], *lv denied* 91 NY2d 868 [1997]; *People v Johnson*, 91 AD2d 782, 783 [1982]). Further, in light of the favorable plea agreement and the significant reduction in defendant's sentencing exposure, we cannot say that defendant received less than meaningful representation (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Allen*, 301 AD2d 874, 875 [2003]; *People v Crippa*, 245 AD2d 811, 812 [1997], *lv denied* 92 NY2d 850 [1998]).

Mercure, Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.