(February 26, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIEN GRIFFIN, Also Known as GINO D. THOMPSON, Appellant. [772 NYS2d 747]—

Carpinello, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 24, 2000, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

Defendant was charged with murder in the first degree, three counts of murder in the second degree, robbery in the first degree and criminal possession of a weapon in the second degree stemming from his participation with Marvin Williams in the slaying and robbery of an alleged drug dealer. Pursuant to a negotiated plea bargain, defendant pleaded guilty to one count of murder in the second degree in full satisfaction of the charges and was to be sentenced to 22 years to life in prison. Prior to sentencing, defendant unsuccessfully moved to withdraw his plea. Sentenced as agreed, he now appeals.

Defendant argues that County Court erred in denying his motion to withdraw his plea. We disagree. "It is well settled that

the question of whether to permit a defendant to withdraw a guilty plea rests within the sound discretion of the trial court" (*People v Graham-Harrison*, 272 AD2d 780, 781 [2000] [citations omitted]) and that decision will not be disturbed absent an abuse of discretion (*see People v Lane*, 1 AD3d 801 [2003]). "Generally, a guilty plea may not be withdrawn absent some evidence or claim of innocence, fraud or mistake in its inducement" (*People v Davis*, 250 AD2d 939, 940 [1998] [citations omitted]).

Here, defendant supported his motion with an affidavit executed by Williams. In that affidavit, Williams, who had already been sentenced to 15 years to life in prison pursuant to his own negotiated plea, averred that he had falsely implicated defendant in the shooting and that he, in fact, had pulled the trigger. Significantly, both Williams and defendant had each previously testified at their respective plea allocutions that defendant was the shooter. We view Williams' recantation of his previously sworn testimony as inherently unreliable, particularly since he had already been sentenced for his involvement in the incident (*see People v Brown*, 126 AD2d 898, 900 [1987], *lv denied* 70 NY2d 703 [1987]). Under these circumstances, we find that defendant knowingly, voluntarily and intelligently entered a plea of guilty and that Williams' affidavit alone did not warrant the withdrawal of that plea (*see People v Stamps*, 268 AD2d 886, 887 [2000], *lv denied* 94 NY2d 925 [2000]). Accordingly, we find that County Court did not abuse its discretion in denying defendant's motion.

We have reviewed defendant's remaining contentions and find them to be without merit.

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.