## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 6, 2014                105646
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                MEMORANDUM AND ORDER

MAURICE J. COLON,
                        Appellant.
_____

Calendar Date:  October 9, 2014

Before:  Stein, J.P., Garry, Rose, Lynch and Devine, JJ.

_____

        Cliff Gordon, Monticello, for appellant.

        James R. Farrell, District Attorney, Monticello (Katy Schlichtman of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered December 20, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

        Defendant was charged in a seven-count indictment with a multitude of drug-related crimes following a routine traffic stop in which his vehicle was searched and various controlled substances were found.  In October 2011, he pleaded guilty to criminal possession of a controlled substance in the third degree in satisfaction of the indictment.  Under the terms of the plea agreement, he waived his right to appeal and was to be sentenced as a second felony offender to three years in prison to be followed by three years of postrelease supervision.  In addition,

it was agreed that defendant would be released to a drug treatment program following the entry of his guilty plea and that sentencing would occur three months later, at which time he would be incarcerated with the potential for admission to a diversionary program.

Defendant was released and entered a drug treatment program, but was arrested and detained on federal charges prior to sentencing. During this time, he moved to terminate the services of the attorney who represented him in connection with his guilty plea. In July 2012, County Court granted the motion and assigned new counsel. Thereafter, defendant, through new counsel, moved to withdraw his guilty plea. County Court summarily denied the motion and sentenced defendant to the agreed-upon sentence, to run concurrently to the sentence imposed on the federal charges. Defendant now appeals.

Defendant contends that County Court abused its discretion in denying his motion to withdraw his guilty plea. Specifically, he asserts that he felt pressured into entering the plea because his counsel did not endorse his suggested defense strategy of seeking to suppress evidence recovered from his vehicle and he pleaded guilty based upon counsel's recommendation without fully understanding the consequences of his plea. Insofar as this claim implicates the voluntariness of defendant's plea, it is not precluded by his waiver of the right to appeal and has been preserved by his motion to withdraw his plea (see People v McGowan, 117 AD3d 1202, 1202 [2014]; People v Torres, 117 AD3d 1497, 1498 [2014], lvs denied 24 NY3d 963, 965 [2014]). Nevertheless, we find it to be without merit. During the plea colloquy, defendant indicated that he understood the rights that he was waiving as explained to him by his attorney and was satisfied with his attorney's services. He further stated, unequivocally, that he was not under the influence of any medication that would affect his ability to understand the proceedings and was not forced, threatened or coerced into entering his guilty plea. He also freely admitted to engaging in the conduct constituting the crime at issue. Our review of the record does not reveal that defendant's plea was the product of coercion (see e.g. People v Wren, 119 AD3d 1291, 1292 [2014]; People v O'Neill, 116 AD3d 1240, 1241 [2014]; People v Morey, 110

AD3d 1378, 1379 [2013], lv denied 23 NY3d 965 [2014]).  Rather, his claim that he was pressured into entering the plea "amounts to the type of 'situational coercion' faced by many defendants offered a plea deal, and it does not undermine the voluntariness of [defendant's] guilty plea" (People v Morey, 110 AD3d at 1379, quoting People v Seaberg, 74 NY2d 1, 8 [1989]).  Therefore, we find that County Court did not abuse its discretion in denying defendant's motion.

Stein, J.P., Garry, Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court