*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 3, 2015          106179
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

RICHARD J. MASSIA,
                    Appellant.
_____

Calendar Date:  August 20, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Egan Jr., JJ.

                    _____

        G. Scott Walling, Schenectady, for appellant.

        Kristy L. Sprague, District Attorney, Elizabethtown (James
E. Martinieau Jr. of counsel), for respondent.

                    _____

McCarthy, J.

        Appeal from a judgment of the County Court of Essex County
(Meyer, J.), rendered June 6, 2013, convicting defendant upon his
plea of guilty of the crimes of attempted burglary in the third
degree and criminal possession of a forged instrument in the
third degree.

        In satisfaction of three indictments and other pending
charges, defendant pleaded guilty to the reduced charges of
attempted burglary in the third degree and criminal possession of
a forged instrument in the third degree and waived his right to
appeal.  Pursuant to the plea agreement, County Court
conditionally committed to sentence defendant, who is a second
felony offender, to a prison term of 1½ to 3 years on the
attempted burglary charge, making no sentencing commitment with

regard to the forged instrument charge, provided that, among other things, defendant did not get arrested prior to the date of sentencing. Thereafter, defendant was arrested and, in a separate action, pleaded guilty to new charges. County Court denied defendant's subsequent motion to withdraw his plea and, finding that it was no longer bound by its sentencing commitment, sentenced defendant to consecutive prison sentences of 2 to 4 years on the felony attempted burglary conviction and one year in jail on the misdemeanor forged instrument conviction and also ordered defendant to pay restitution. Defendant appeals.

Defendant contends that County Court abused its discretion in denying his motion to withdraw his plea. Specifically, defendant asserts that his plea was not knowing, voluntary and intelligent because he was unaware of the full terms of the plea agreement, particularly with respect to restitution. Although review of the voluntariness of defendant's plea is not precluded by his waiver of the right to appeal and has been preserved by his unsuccessful motion to withdraw his plea (see People v Colon, 122 AD3d 956, 957 [2014]), we find his challenge to be without merit. Whether to permit a defendant to withdraw his or her plea of guilty "is left to the sound discretion of County Court, and [withdrawal] will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Curry, 123 AD3d 1381, 1383 [2014], lv denied 25 NY3d 950 [2015] [internal quotation marks and citations omitted]). Here, a review of the record confirms that County Court informed defendant of the terms of the plea agreement, defendant executed a two-page document that set forth the terms of the plea agreement, which listed the victims of defendant's crimes and specifically stated that restitution would be ordered "for ALL burglaries — charged or uncharged." Furthermore, in response to inquiries from the court, defendant acknowledged that he had enough time to discuss the plea agreement with defense counsel, was satisfied with the representation provided, understood the terms of the plea agreement and was voluntarily pleading guilty to engaging in conduct that constituted the crimes at issue. As there is nothing in the record that reflects any misunderstanding by defendant as to the plea agreement, we find that County Court did not abuse its discretion in summarily denying defendant's motion to withdraw his plea (see People v Barton, 126 AD3d 1238,

1239 [2015]; People v Curry, 123 AD3d at 1383; People v Colon, 122 AD3d at 957).

To the extent that defendant challenges the imposition of consecutive sentences, we agree with defendant, and the People concede, that County Court erred in directing that the sentence imposed on the forged instrument conviction run consecutively to the indeterminate sentence imposed on the attempted burglary conviction. Pursuant to Penal Law § 70.35, defendant's definite sentence merges with and is satisfied by his service of the indeterminate sentence (see People v Leabo, 84 NY2d 952, 953 [1994]; People v Piznarski, 113 AD3d 166, 182 n 11 [2013], lv denied 23 NY3d 1041 [2014]). Nevertheless, as the Department of Corrections and Community Supervision must calculate the period of incarceration in accordance with Penal Law § 70.35, no action by this Court is necessary (see People v Piznarski, 113 AD3d at 182 n 11).

Lahtinen, J.P., Garry and Egan Jr., JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court