*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 19, 2015                106991
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

CLIFFORD BURNS,
                        Appellant.
_____


Calendar Date:  October 19, 2015

Before:  McCarthy, J.P., Rose, Devine and Clark, JJ.

                        _____


        Matthew C. Hug, Troy, for appellant, and appellant pro se.

        Kathleen B. Hogan, District Attorney, Lake George, for
respondent.

                        _____


Clark, J.

        Appeal from a judgment of the County Court of Warren County
(Hall Jr., J.), rendered September 5, 2014, convicting defendant
upon his plea of guilty of the crime of murder in the second
degree.

        In satisfaction of a five-count indictment, defendant
entered a guilty plea to murder in the second degree in
accordance with a plea agreement that included a waiver of
appeal.  The charges stem from defendant's admitted actions on
December 24, 2013 in driving to the home of his estranged spouse,
Patricia Burns, and intentionally stabbing her with a knife,
causing her death.  This tragedy occurred in the presence of
their 14-year-old daughter, as well as the victim's daughter from
another relationship, whom defendant also stabbed with a knife

when she attempted to intervene, causing serious physical injuries. Prior to sentencing, defendant filed a pro se motion to withdraw his guilty plea, alleging, among other things, that his plea had been involuntary, as it was entered under severe emotional duress shortly after a courthouse visit with his daughters and without the benefit of the effective assistance of counsel. The People opposed the motion. County Court assigned substitute counsel to represent defendant and thereafter denied the motion in a written decision. The court later imposed the agreed-upon prison sentence of 23 years to life.[1] Defendant appeals.

Defendant contends that County Court erred in denying his motion to withdraw his guilty plea, which he claims was involuntarily entered while he was emotionally distraught following the meeting with his daughters. While this claim is not precluded by the appeal waiver and was preserved by his unsuccessful motion to withdraw his guilty plea (see People v Colon, 122 AD3d 956, 957 [2014]), we find that it is devoid of any merit. "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Massia, 131 AD3d 1280, 1281 [2015] [internal quotation marks, brackets and citations omitted]).

Here, the record reflects that, although defendant had agreed to accept the proffered plea agreement, he told defense counsel, just prior to the scheduled appearance for that purpose on April 17, 2014, that he did not wish to accept the plea offer. With the consent of all parties, the District Attorney granted the request of defendant's daughters to speak with him; they thereafter met with defendant briefly in the presence of defense counsel accompanied, at their request, by the District Attorney and a crime victims' advocate. The daughters urged defendant to accept the plea deal to spare them the ordeal of a trial and to

---

[1] Prior to imposing sentence, County Court denied defendant's pro se motion to dismiss the indictment in the interest of justice.

avoid the potential 50-year prison sentence; defendant indicated that he would do so.  Accompanied by counsel, defendant then accepted the plea terms on the record, which he indicated he understood and had sufficient time to discuss the plea with counsel and had no questions.  County Court explained the consequences of his guilty plea and the trial-related rights he was forgoing and defendant admitted the charged conduct and entered a guilty plea.[2]

We find that the record provides no support for defendant's claim that he was so emotionally distraught as a result of the family meeting as to render him incapable of entering a voluntary guilty plea, and otherwise reflects that he was fully advised of his rights and freely entered a knowing, voluntary and intelligent plea (see People v Haffiz, 19 NY3d 883, 884 [2012]; People v Fiumefreddo, 82 NY2d 536, 543 [1993]).  In that regard, neither emotional pleas by family members to accept a plea offer nor the fact that a defendant is emotionally distraught renders a plea involuntary or entitles a defendant to later withdraw a plea (see People v Alexander, 97 NY2d 482, 486 [2002]; People v Lewis, 46 NY2d 825, 826 [1978]; People v Pecararo, 83 AD3d 1284, 1285 [2011], lv denied 17 NY3d 820 [2011]; People v Flakes, 240 AD2d 428, 429 [1997], lv denied 90 NY2d 1011 [1997]; People v Hernandez, 207 AD2d 659, 659 [1994]; People v Martin, 157 AD2d 674, 674 [1990]).  Likewise, accommodating the daughters' request to be positioned in the courtroom during the plea proceedings so as to enable them to observe defendant admit to murdering their mother did not render the plea involuntary.

We similarly find that defendant's claim that he was deprived of meaningful representation in connection with his guilty plea is belied by the record, which reflects that counsel

---

[2]  While defendant initially equivocated on whether he went to the victim's home with the intent of murdering her, he ultimately admitted that, at the time he stabbed her, he was angry at the victim and intended to kill her.  This satisfied County Court's obligation to assure that defendant understood the nature of the charge and that his plea was knowing and voluntary (see People v Lopez, 71 NY2d 662, 666 [1988]).

secured a favorable plea after extensive negotiations, and nothing in the record casts doubt on counsel's apparent effectiveness (see People v Vonneida, 130 AD3d 1322, 1322 [2015]).  Further, counsel compiled extensive discovery materials, reviewed the strengths of the People's case with defendant at length while investigating possible affirmative defenses and prepared a voluminous omnibus motion, and defendant expressed satisfaction with counsel during the plea allocution.  Given the overwhelming proof of defendant's guilt, including the eyewitness accounts, we find that, contrary to his claims, counsel reasonably encouraged him to accept the favorable plea deal and afforded him meaningful representation (see People v Caban, 5 NY3d 143, 152 [2005]).  In view of the foregoing, County Court's denial of his motion to withdraw his guilty plea without a hearing was a provident exercise of discretion (see People v Atkinson, 58 AD3d 943, 943-944 [2009]).  Finally, defendant's pro se claims, including those regarding the arraignment, lack merit or are outside the record on appeal (see People v Anderson, 118 AD3d 1138, 1140 [2014], lv denied 24 NY3d 1117 [2015]), and his prearraignment delay claim is unpreserved (see People v Archie, 116 AD3d 1165, 1165 [2014]).

McCarthy, J.P., Rose and Devine, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court