Peters, P.J.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered April 28, 2015 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
In satisfaction of a five-count indictment, defendant pleaded guilty to a reduced charge of attempted criminal possession of a weapon in the second degree. Thereafter, defendant moved to withdraw his plea based on newly discovered evidence, consisting of a letter from the victim recanting his prior statements that implicated defendant in the crimes charged. Supreme Court denied the motion without a hearing and sentenced defendant, as a second felony offender, to a prison term of five years followed by five years of postrelease supervision. Defendant now appeals.
We are unpersuaded by defendant’s contention that Supreme Court erred in denying his motion to withdraw his plea without a hearing. The nature and extent of the fact-finding procedures necessary to decide a motion to withdraw a guilty plea rest within the discretion of the trial court (see People v Fiumefreddo, 82 NY2d 536, 544 [1993]; People v Stamps, 268 AD2d 886, 887 [2000], lv denied 94 NY2d 925 [2000]), and “[o]nly in the rare instance will a defendant be entitled to an evidentiary hearing” (People v Tinsley, 35 NY2d 926, 927 [1974]). Here, the basis for the motion to withdraw the plea was the notarized letter submitted by the victim that recanted his statements regarding defendant’s involvement in the crimes charged. As noted by Supreme Court, such recantation evidence is inherently unreliable (see People v Caruso, 88 AD3d 809, 810 [2011], lv denied 18 NY3d 923 [2012]; People v Griffin, 4 AD3d 674, 675 [2004]), particularly where, as here, the recanting victim had been in custody for several months in the same facility where defendant and the codefendant were held. Furthermore, the plea proceeding reflects a knowing, voluntary and intelligent plea of guilty and does not otherwise call into question *1125 defendant’s guilt (see People v Little, 92 AD3d 1036, 1036 [2012]). In view of the foregoing, we find that Supreme Court did not abuse its discretion in failing to conduct an evidentiaryhearing prior to denying defendant’s motion to withdraw his plea (see People v Shurock, 83 AD3d 1342, 1343 [2011]; People v Branton, 35 AD3d 1035, 1035 [2006], lv denied 8 NY3d 982 [2007]; People v Stamps, 268 AD2d at 888). Absent any other ground justifying the withdrawal of the plea, the motion was properly denied (see People v Stamps, 268 AD2d at 887).
Garry, Egan Jr., Devine and Clark, JJ., concur.
Ordered that the judgment is affirmed.