*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: June 30, 2016                    107639
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

CRAIG P. FARNSWORTH,
                        Appellant.
_____


Calendar Date:  May 26, 2016

Before:  Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

                        _____


        Matthew C. Hug, Albany, for appellant.

        Karen Heggen, District Attorney, Ballston Spa (Gordon W.
Eddy of counsel), for respondent.

                        _____


Rose, J.

        Appeal from a judgment of the County Court of Saratoga
County (Sypniewski, J.), rendered July 14, 2015, convicting
defendant upon his plea of guilty of the crime of criminal
possession of marihuana in the second degree.

        In March 2015, pursuant to a negotiated plea agreement,
defendant waived indictment and pleaded guilty as charged in a
superior court information to a single count of criminal
possession of marihuana in the second degree stemming from the
cultivation and possession of marihuana inside the home of
defendant and his codefendant wife (see Penal Law § 221.25).  In
exchange for defendant's guilty plea, the People promised
defendant that his wife, in full satisfaction of the charges
against her, would be allowed to plead guilty to a misdemeanor by

admitting to allowing marihuana to be grown on her property without destroying it in violation of the Public Health Law (see Public Health Law § 3382).  Following his wife's guilty plea to the misdemeanor, but before his sentencing, defendant filed a motion to withdraw his guilty plea alleging, among other things, that his plea was coerced because the People forced him to plead to a reduced charge conditioned on a specific sentence of jail followed by five years of probation and a promise not to prosecute his wife on felony charges.  The People opposed the motion, and County Court, in a June 2015 order, denied defendant's motion, finding that defendant's plea was made knowingly and voluntarily and that there was no element of coerciveness in any aspect of the negotiated plea agreement.  Thereafter, in accordance with the plea agreement, County Court sentenced defendant to six months in jail with five years of probation.  Defendant now appeals.

We affirm.  While defendant's contention that County Court abused its discretion in denying his motion to withdraw his guilty plea is not precluded by the appeal waiver and was preserved by his unsuccessful motion to withdraw his guilty plea (see People v Burns, 133 AD3d 1045, 1046 [2015]; People v Colon, 122 AD3d 956, 957 [2014]), we find his claim to be without merit. "'Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement'" (People v Burns, 133 AD3d at 1046, quoting People v Massia, 131 AD3d 1280, 1281 [2015], lv denied 26 NY3d 1041 [2015] [internal quotation marks, brackets and citations omitted]; see People v Riddick, 136 AD3d 1124, 1124 [2016]).  "[S]o long as the plea agreement is voluntarily, knowingly and intelligently made, the fact that it is linked to the prosecutor's acceptance of a plea bargain favorable to a third person does not, by itself, make defendant's plea illegal" (People v Fiumefreddo, 82 NY2d 536, 544 [1993]; see People v Eaddy, 200 AD2d 896, 897 [1994], lv denied 83 NY2d 852 [1994]).

While defendant's wife received a favorable outcome or "third-party benefit" that was conditioned upon defendant's guilty plea, her receipt of that benefit "is simply one factor

for a trial court to weigh in making the overall determination whether [defendant's] plea is voluntarily entered" (People v Fiumefreddo, 82 NY2d at 544 [brackets omitted]; see People v Brown, 14 NY3d 113, 117-118 [2010]).  Defendant indicated that he understood all of the terms of the plea agreement, including the agreed-to sentence of six months in jail and five years of probation, and that he reviewed those terms with his attorney. He further acknowledged that acceptance of the plea bargain was in his best interests.  Defendant also, while represented by counsel with whom he had expressed his satisfaction, made an allocution to the crime of which he was convicted and stated that his plea was not coerced.  Nor did defendant raise or indicate any concerns about the plea agreement or its terms during his plea colloquy.  Accordingly, notwithstanding the "connected or wired" nature of defendant's plea (People v Fiumefreddo, 82 NY2d at 544), based upon our review of the entire record before us, we are convinced that defendant made a "knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d 375, 384 [2015] [internal quotation marks and citation omitted]; see People v Fiumefreddo, 82 NY2d at 543; People v Pelkey, 63 AD3d 1188, 1189-1190 [2009], lv denied 13 NY3d 748 [2009]; People v Eaddy, 200 AD2d at 897).

Inasmuch as the record reveals no legitimate question about the voluntariness of defendant's plea (see People v McKinney, 122 AD3d 1083, 1084 [2014], lv denied 25 NY3d 1167 [2015]; compare People v Brown, 14 NY3d at 116, with People v Tinsley, 35 NY2d 926, 927 [1974]), we also reject defendant's contention that County Court abused its discretion in failing to conduct an evidentiary hearing prior to denying defendant's motion to withdraw his plea (see People v Riddick, 136 AD3d at 1124; People v Shurock, 83 AD3d 1342, 1343 [2011]).  Furthermore, because the "offer of a plea bargain is not a constitutional right, but a matter of prosecutorial discretion," we find nothing in the record before us upon which to conclude that defendant's constitutional right to due process was infringed by the plea bargain that was offered to him or that the plea agreement was the product of an unlawful plea bargaining policy (People v Cohen, 186 AD2d 843, 843 [1992]; see Weatherford v Bursey, 429 US 545, 561 [1977]; People v Humphrey, 30 AD3d 766, 767 [2006], lv denied 7 NY3d 813 [2006]; cf. People v Jacques, 79 AD3d 1812,

1812 [2010], <u>lv denied</u> 16 NY3d 896 [2011]).

Lahtinen, J.P., Lynch, Clark and Aarons, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court