*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   September 29, 2016          106492
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

         v                                    MEMORANDUM AND ORDER

WALSHION J. CHARLESTON,
                    Appellant.
_____

Calendar Date:   September 7, 2016

Before:   Peters, P.J., McCarthy, Garry, Rose and Mulvey, JJ.

_____

        Terence L. Kindlon, Public Defender, Albany (Theresa M. Suozzi of counsel), for appellant.

        P. David Soares, District Attorney, Albany (Brittany L. Grome of counsel), for respondent.

_____

Mulvey, J.

        Appeal from a judgment of the Supreme Court (McDonough, J.), rendered September 13, 2013 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.

        Defendant pleaded guilty to the reduced charge of attempted criminal possession of a weapon in the second degree pursuant to a plea agreement that included a waiver of appeal. After defendant made statements to the Probation Department that were inconsistent with his guilty plea, he moved to withdraw his plea alleging, among other things, that the plea had been entered under duress due to his health conditions, which Supreme Court denied. Consistent with the plea agreement, the court thereafter

sentenced defendant as a second felony offender to four years in prison with five years of postrelease supervision.  Defendant appeals.

We affirm.  Initially, a review of the plea colloquy and the written waiver of appeal executed by defendant in court after reviewing it with counsel establishes that the waiver of appeal was knowing, voluntary and intelligent (see People v Lopez, 6 NY3d 248, 256 [2006]; see also People v Ramos, 7 NY3d 737, 738 [2006]; People v Gasparro, 139 AD3d 1247, 1248 [2016], lv denied ___ NY3d ___ [Aug. 17, 2016]; compare People v Bradshaw, 18 NY3d 257, 264-265 [2011]).  In view of the valid appeal waiver, defendant is precluded from challenging the negotiated sentence as harsh and excessive (see People v Lopez, 6 NY3d at 255; People v Miller, 137 AD3d 1485, 1485 [2016]).

Defendant's claim that his guilty plea was involuntary is not supported by the record.  In denying the motion to withdraw his plea, Supreme Court was entitled to rely on the record, which reflects that the court outlined the terms of the plea agreement, permitted defendant to confer with counsel throughout the proceedings and explained the trial-related rights that he was relinquishing by his guilty plea (see People v Khan, 139 AD3d 1261, 1263 [2016], lv denied ___ NY3d ___ [Aug. 15, 2016]). Defendant responded to all questions in a coherent and unequivocal manner and thereafter confirmed that he was voluntarily pleading guilty because he was in fact guilty and unequivocally admitted the charged conduct.  Contrary to his claim, "it was not necessary that [he] recite every element of the crime or engage in a factual recitation, inasmuch as his affirmative responses to [the] [c]ourt's questions established the elements of the crime charged" (People v Koechel, 132 AD3d 1020, 1021 [2015] [internal quotation marks and citation omitted], lv denied 27 NY3d 1070 [2016]).  There is no evidence in the record to substantiate his claim that he was confused about the charge against him or what he was doing or that his medical conditions affected his ability to make a voluntary choice and, thus, we find that his plea was knowing, voluntary and intelligent (see People v Fiumefreddo, 82 NY2d 536, 546-548 [1993]).  The decision "[w]hether to allow withdrawal of a guilty plea is left to the sound discretion of [the] [c]ourt, and will

generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement [and] a hearing is required only when the record presents a genuine issue of fact with respect to its voluntariness" (People v Khan, 139 AD3d at 1262 [internal quotation marks and citations omitted]; see People v Haffiz, 19 NY3d 883, 884 [2012]).  Defendant submitted no sworn affidavit in support of his motion to withdraw his plea. Further, no evidence was tendered in support of the unsubstantiated allegations raised in the affidavit of defense counsel, upon information and belief, that defendant is innocent, was under duress when he pleaded guilty or that the weapon was planted in his home by "another person" who "set him up."  Thus, the court did not abuse its discretion in denying the motion without a hearing (see People v Khan, 139 AD3d at 1262-1263; People v Decker, 139 AD3d 1113, 1116 [2016], lv denied ___ NY3d ___ [Aug. 8, 2016]).

Peters, P.J., McCarthy, Garry and Rose, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court