*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 22, 2016                107108
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                              MEMORANDUM AND ORDER

PIERRE BOND,
                        Appellant.
_____


Calendar Date:   November 18, 2016

Before:   Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

                        _____


        Susan Patnode, Rural Law Center of New York, Castleton
(Kelly L. Egan of counsel), for appellant.

        Mary E. Rain, District Attorney, Canton (Marquetta Christy
of counsel), for respondent.

                        _____


McCarthy, J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered July 14, 2014, convicting
defendant upon his plea of guilty of the crime of criminal sexual
act in the first degree.

        Defendant pleaded guilty to a reduced charge of criminal
sexual act in the first degree and waived his right to appeal.
Defendant's subsequent oral motion to withdraw his plea was
denied and County Court sentenced him, in accordance with the
plea agreement, to a prison term of 21 years followed by 20 years
of postrelease supervision.  Defendant appeals.

Initially, defendant challenges his plea as not knowingly, voluntarily and intelligently entered.  To the extent that defendant preserved the issues in his motion to withdraw his guilty plea (see People v Burns, 133 AD3d 1045, 1046 [2015], lv denied 27 NY3d 1149 [2016]), the record belies his contention that County Court coerced him into pleading guilty or that any alleged errors by defense counsel rendered his plea involuntary. We note that, to the extent that defendant's challenges to the ineffective assistance of counsel involve matters outside the record, they are more appropriately addressed in a CPL article 440 motion (see People v Perkins, 140 AD3d 1401, 1403 [2016]). Furthermore, defendant's challenge to the sentence imposed as harsh and excessive is precluded by the waiver of the right to appeal.  The record reflects that despite defendant's illiterate cognitive impairment, the waiver was appropriately explained to defendant, who then knowingly, voluntarily and intelligently waived that right (see People v Andrews, 78 AD3d 1229, 1233 [2010], lv denied 16 NY3d 827 [2011]).

Peters, P.J., Egan Jr., Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court