■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACE R. BEAVER, Appellant. [54 NYS3d 712]—

Aarons, J. Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered July 10, 2014, convicting defendant upon his plea of guilty of the crimes of criminal sexual act in the second degree, attempted criminal possession of a weapon in the third degree and criminal contempt in the first degree (two counts).

In satisfaction of a seven-count indictment and other charges, defendant pleaded guilty to criminal sexual act in the second degree, attempted criminal possession of a weapon in the third degree and two counts of criminal contempt in the first degree and waived his right to appeal. County Court denied defendant's subsequent motion to withdraw his plea and thereafter sentenced him, in accordance with the plea agreement, to an aggregate prison term of four years followed by 10 years of postrelease supervision. Defendant appeals.

We are unpersuaded by defendant's sole contention that County Court abused its discretion in denying his motion to withdraw his plea. "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (*People v Farnsworth*, 140 AD3d 1538, 1539 [2016] [internal quotation marks and citations omitted]). The nature and extent of the necessary fact-finding procedures in order to decide a motion to withdraw the plea is within the trial court's discretion "and a limited interrogation by the court will often be sufficient" (*People v Cadet*, 144 AD3d 1335, 1336 [2016], *lv denied* 28 NY3d 1143 [2017]). "An evidentiary hearing is rarely necessary and is required only where the record presents a genuine question of fact as to voluntariness" (*People v Miles*, 138 AD3d 1350, 1351 [2016] [internal quotation marks, ellipsis and citations omitted], *lv denied* 28 NY3d 934 [2016]).

Here, defendant moved to withdraw his plea based on his claim of innocence, pointing to the victim's alleged recantation of the sexual abuse incident, and his assertion that he was coerced into entering the plea. Any alleged statement by the victim recanting the incident, however, was previously submitted by defendant in connection with his omnibus motion, and therefore known by him prior to his plea of guilty. In any event,

"recantation evidence . . . [is] inherently unreliable and insufficient, alone, to justify withdrawal of the plea" (*People v Caruso*, 88 AD3d 809, 810 [2011] [internal quotation marks and citations omitted], *lv denied* 18 NY3d 923 [2012]; *see People v Riddick*, 136 AD3d 1124, 1124 [2016], *lv denied* 27 NY3d 1154 [2016]). Further, with regard to the voluntariness of the plea, the record establishes that County Court fully explained the terms of the plea agreement, which were consistent with the plea memorandum that defendant had previously signed, and set forth in detail the crimes to which defendant was pleading guilty. Defendant affirmed his understanding of the plea agreement and unequivocally admitted to the facts that established the crimes. Any assertion that the plea agreement included promises regarding his family members is belied by the record. As the record does not reveal any legitimate question about the voluntariness of defendant's plea or his actual innocence, County Court did not abuse its discretion in failing to conduct an evidentiary hearing nor do we find any error in the denial of the motion (*see People v Farnsworth*, 140 AD3d at 1540; *People v Riddick*, 136 AD3d at 1125).

Peters, P.J., McCarthy, Egan Jr. and Mulvey, JJ., concur. Ordered that the judgment is affirmed.