People v Pooler (2018 NY Slip Op 01091)





People v Pooler


2018 NY Slip Op 01091


Decided on February 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2018

106894

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KEVIN POOLER, Appellant.

Calendar Date: January 19, 2018

Before: Garry, P.J., McCarthy, Mulvey, Aarons and Pritzker, JJ.


Linda B. Johnson, East Greenbush, for appellant.
Joel E. Abelove, District Attorney, Troy (Katy M. Moryl of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (McGrath, J.), rendered May 7, 2014 in Rensselear County, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.
In satisfaction of a three-count indictment, defendant pleaded guilty to robbery in the first degree and waived his right to appeal. Under the terms of the plea agreement, he was to be sentenced to five years in prison, followed by five years of postrelease supervision. Prior to sentencing, he made a pro se motion to withdraw his guilty plea that was denied by Supreme Court. Defendant was subsequently sentenced in accordance with the terms of the plea agreement, and he now appeals.
Initially, the People concede and we agree that defendant's appeal waiver is invalid inasmuch as he was not advised of the separate and distinct nature of the right to appeal and did not indicate to Supreme Court that he understood its many ramifications (see People v Dumas, 155 AD3d 1256, 1256 [2017]; People v Loika, 153 AD3d 1516, 1517 [2017]). Consequently, the appeal waiver does not preclude defendant's challenge to the voluntariness of his guilty plea or to the effectiveness of his counsel.
Defendant maintains that Supreme Court should have made further inquiry before denying his motion to withdraw his guilty plea. Specifically, he asserts that his guilty plea was not knowing, voluntary and intelligent because he was not in the right mental state during the plea proceedings, was not adequately advised of possible defenses and was lied to by counsel. [*2]"Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of [the trial c]ourt, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Beaver, 150 AD3d 1325, 1325 [2017] [internal quotation marks and citations omitted]; see People v Charleston, 142 AD3d 1248, 1250 [2016]). Significantly, defendant did not exhibit any signs that he suffered from a mental deficit during the plea proceedings. He had already been found competent to stand trial following a CPL 730.30 examination and engaged in coherent communications with the court, indicating that he fully understood the rights that he was forfeiting by pleading guilty. Moreover, defendant's assertions regarding the deficiencies of counsel are conclusory in nature and concern matters outside the record. Therefore, we find that Supreme Court did not abuse its discretion in summarily denying defendant's motion to withdraw his guilty plea (see People v Bond, 145 AD3d 1323, 1324 [2016], lv denied 29 NY3d 1090 [2017]; People v Charleston, 142 AD3d at 1250). Furthermore, given that defendant's claim of ineffective assistance of counsel is predicated on matters outside the record, it is more appropriately addressed via a CPL article 440 motion (see People v Smith, 155 AD3d 1244, 1246 [2017]; People v Bond, 145 AD3d at 1324).
Garry, P.J., McCarthy, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.