People v Torres (2018 NY Slip Op 06599)





People v Torres


2018 NY Slip Op 06599


Decided on October 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 4, 2018

109355

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
REINALDO A. TORRES, Appellant.

Calendar Date: September 11, 2018

Before: Garry, P.J., Clark, Mulvey, Rumsey and Pritzker, JJ.


Brian M. Quinn, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered January 27, 2017, convicting defendant upon his plea of guilty of the crime of rape in the second degree.
In satisfaction of a two-count indictment and other pending charges, defendant pleaded guilty to rape in the second degree and waived his right to appeal. Defendant subsequently moved to withdraw his plea on the basis that it was involuntary. County Court denied the motion and sentenced defendant as a second felony offender, in accordance with the plea agreement, to a prison term of three years followed by 15 years of postrelease supervision.
Defendant contends that his plea was not knowing, voluntary and intelligent. In his motion to withdraw his plea, defendant asserted that he was pressured by family and counsel to plead guilty and that he was innocent. A review of the record establishes that, during the plea colloquy, defendant acknowledged that he had sufficient time to confer and was satisfied with counsel (see People v Broomfield, 128 AD3d 1271, 1272 [2015], lv denied 26 NY3d 1086 [2015]). Further, defendant unequivocally stated that he was voluntarily entering a guilty plea and was not forced or compelled by anyone to do so. Defendant then admitted that he engaged in conduct constituting the crime at issue and made no statement calling into question his innocence. In view of the foregoing, defendant's assertion that the plea was involuntary is belied by the record (see People v Colon, 122 AD3d 956, 957 [2014]; People v Abdullah, 122 AD3d 958, 959-960 [2014], lv denied 24 NY3d 1218 [2015]). Further, defendant's "claim of feeling pressured to accept the plea amounts to the type of 'situational coercion' faced by many defendants, which does not undermine the voluntariness of the validly entered guilty plea" (People v Miner, 120 AD3d 1449, 1450 [2014], quoting People v Seaberg, 74 NY2d 1, 8 [1989]). To the extent that defendant asserts that his physical and mental health, as well as the limited discovery conducted, affected the voluntariness of the plea, such issues were not a basis [*2]upon which he moved to withdraw his plea and, therefore, such claims are not preserved (see People v Atkinson, 124 AD3d 1149, 1150 [2015], lv denied 25 NY3d 949 [2015]).
Defendant's ineffective assistance of counsel claim — to the extent that it impacts upon the voluntariness of his plea — is without merit. Defendant acknowledged during the plea colloquy that he was satisfied with the legal representation that he received and had sufficient time to consult with counsel, and we find nothing in the record before us to support defendant's assertion that he received the ineffective assistance of counsel (see People v Fatiu, 158 AD3d 890, 891 [2018]). To the extent that defendant's contention regarding the effective assistance of counsel is premised on matters outside the record, such claims are more appropriately raised in a motion pursuant to CPL article 440 (see People v Evans, 159 AD3d 1226, 1227-1228 [2018], lv denied 31 NY3d 1081 [2018]; People v Pooler, 158 AD3d 935, 936 [2018]).
Garry, P.J., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.