People v Walker (2019 NY Slip Op 05229)





People v Walker


2019 NY Slip Op 05229


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

108896

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
BRANDON WALKER, Appellant.

Calendar Date: June 6, 2019

Before: Garry, P.J., Egan Jr., Clark, Devine and Pritzker, JJ.


Jeffrey L. Zimring, Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered September 30, 2016, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to the reduced charge of manslaughter in the first degree and waived his right to appeal. Prior to sentencing, defendant moved to withdraw his plea, claiming that he was coerced into accepting the plea by defense counsel and a family member. Defendant was assigned new counsel and, following a hearing, County Court denied the motion. Thereafter, defendant was sentenced in accordance with the plea agreement to a prison term of 22 years followed by five years of postrelease supervision.
We affirm. Although defendant's contention that County Court abused its discretion in denying his motion to withdraw his guilty plea — which relates to the voluntariness of his plea — is not precluded by the appeal waiver and has been preserved by his unsuccessful motion to withdraw his plea (see People v Farnsworth, 140 AD3d 1538, 1539 [2016]; People v Burns, 133 AD3d 1045, 1046 [2015], lv denied 27 NY3d 1149 [2016]), it is nevertheless without merit. "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Beaver, 150 AD3d 1325, 1325 [2017] [internal quotation marks and citations omitted]; see People v Burns, 133 AD3d at 1046). Contrary to defendant's contention, defense counsel's frank advice regarding the unlikelihood of success at trial given the strength of the People's case and the potential for increased sentencing exposure is generally not coercive or threatening conduct (see People v Vargas, 171 AD3d
1394, 1395 [2019]; People v Atkinson, 58 AD3d 943, 943 [2009]; People v Branton, 35 AD3d 1035, 1036 [2006], lv denied 8 NY3d 982 [2007]). Similarly, "emotional pleas by family members to accept a plea offer [does not render] a plea involuntary or entitle[] a defendant to [*2]later withdraw a plea" (People v Burns, 133 AD3d at 1047). Further, defendant's unsupported claim of innocence at the hearing is insufficient to warrant withdrawal of his guilty plea (see People v Wares, 124 AD3d 1079, 1081 [2015], lv denied 25 NY3d 993 [2015]; People v Kagonyera, 304 AD2d 984, 985 [2003], lv denied 1 NY3d 574 [2003]). In addition, the record reflects that County Court, before accepting defendant's plea, engaged in a detailed plea colloquy wherein defendant admitted his guilt, repeatedly verified that he was not being coerced or threatened into pleading guilty, acknowledged that he was pleading guilty of his own free will and confirmed that he had a full opportunity to discuss the matter with defense counsel and was satisfied with counsel's representation. In sum, a review of the record establishes that County Court did not abuse its discretion in denying defendant's motion to withdraw his plea and that defendant entered a knowing, voluntary and intelligent guilty plea (see People v Farnsworth, 140 AD3d at 1540; People v Burns, 133 AD3d at 1046-1047; People v Wares, 124 AD3d at 1081; People v Kagonyera, 304 AD2d at 985).
Garry, P.J., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.