People v Oliver (2020 NY Slip Op 03697)





People v Oliver


2020 NY Slip Op 03697


Decided on July 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 2, 2020

110497

[*1]The People of the State of New York, Respondent,
v
Michael L. Oliver, Appellant.

Calendar Date: June 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Chad W. Brown, District Attorney, Johnstown (Katherine Ehrlich of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Fulton County (Hoye, J.), rendered July 5, 2018, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.
Defendant waived indictment and was charged in a superior court information (hereinafter SCI) with the crime of sexual abuse in the first degree after he admitted to having inappropriate sexual contact with his girlfriend's minor daughter. He pleaded guilty to this crime in satisfaction of the SCI, as well as a related charge brought in another jurisdiction, and waived his right to appeal. Prior to sentencing, defendant expressed his desire to withdraw his guilty plea against the advice of counsel. County Court concluded that there was no basis for permitting defendant to withdraw his plea and sentenced defendant, in accordance with the terms of the plea agreement, to five years in prison, followed by 10 years of postrelease supervision. This Court, however, subsequently ruled that County Court should have assigned new counsel to represent defendant on his motion to withdraw his plea (158 AD3d 990, 990-991 [2018]). Consequently, the sentence was vacated and the matter was remitted to County Court for the assignment of new counsel and reconsideration of defendant's motion to withdraw his plea (id. at 991). On behalf of defendant, new counsel submitted a formal motion to withdraw the plea, which was denied by County Court following a hearing. County Court proceeded to resentence defendant, as originally agreed, to five years in prison, followed by 10 years of postrelease supervision. Defendant appeals.
Defendant contends that the waiver of indictment is invalid and the SCI is jurisdictionally defective for failure to set forth the date and approximate time of the offense as required by CPL 195.20. However, the failure to include such nonelemental factual information, particularly in cases involving child sexual assault, constitutes a nonjurisdictional defect, rather than a jurisdictional one (see People v Lang, 34 NY3d 545, 568-570 [2019]; People v Shindler, 179 AD3d 1306, 1307 [2020]; see also People v Edwards, 181 AD3d 1054, 1055 [2020]; People v Elric YY., 179 AD3d 1304, 1305 [2020]). Here, both the waiver of indictment and the SCI stated that the crime of sexual abuse in the first degree, a class D violent felony, occurred "on or about the month of July, 2015." Notwithstanding the omission of the date and approximate time of the offense, the waiver of indictment and the SCI, together with the underlying accusatory instruments prepared in connection with the incident, gave defendant reasonable notice of the felony sex crime with which he was being charged. In light of this, as well as the absence of any indication that defendant raised an objection before County Court to the sufficiency of the waiver of indictment or the SCI, or requested a bill of particulars, defendant's challenge to the waiver of indictment and the SCI was forfeited by his guilty plea (see People v Edwards, 181 AD3d at 1055; People v Elric YY., 179 AD3d at 1305; People v Shindler, 179 AD3d at 1307).
Defendant also argues that his guilty plea was not knowing, voluntary and intelligent because County Court, among other things, did not adequately explain all of the trial-related constitutional rights that he was waiving by pleading guilty or ascertain that he understood the consequences of the plea. Preliminarily, we note that defendant's challenge to the voluntariness of the plea is not precluded by his appeal waiver (see People v Almonte, 179 AD3d 1222, 1224 [2020], lv denied 35 NY3d 940 [2020]; People v Bond, 146 AD3d 1155, 1156 [2017], lv denied 29 NY3d 1076 [2017]) and was preserved by his unsuccessful postallocution motion to withdraw his plea (see People v Abraham, 165 AD3d 1318, 1320 [2018]; People v Massia, 131 AD3d 1280, 1281 [2015], lv denied 26 NY3d 1041 [2015]). During the plea proceedings, County Court advised defendant that he was giving up a number of important rights by pleading guilty, including the right "to take the case to trial," the "right to cross-examine people who testified against you," and "the right to testify yourself or call your own witnesses." The court further explained that he could not be convicted at trial unless the People proved to a jury beyond a reasonable doubt that he was guilty of the crime. The court, however, failed to mention the privilege against self-incrimination or ascertain whether defendant conferred with counsel regarding the trial-related rights that he was waiving and the constitutional consequences of entering a guilty plea (see People v Demkovich, 168 AD3d 1221, 1222 [2019]; People v Holmes, 162 AD3d 1117, 1118 [2018]; People v Cotto, 156 AD3d 1063, 1064 [2017]; compare People v Edwards, 181 AD3d at 1056-1057). Absent an affirmative showing that defendant fully understood and voluntarily waived his trial-related constitutional rights, the plea was invalid and must be vacated (see People v Tyrell, 22 NY3d 359, 365 [2013]; People v Demkovich, 168 AD3d at 1222; People v Holmes, 162 AD3d at 1118). In view of our disposition, we need not address defendant's remaining claims.
Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Fulton County for further proceedings not inconsistent with this Court's decision.